# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EARL BATES | : | NO. 3:02CV1098(CFD) |
| VS. | : | |
| WARDEN MYERS, ET AL. | : | JUNE 15, 2004 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## I. GENERAL INSTRUCTIONS

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you as to the law applicable to this case.

1. It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole, nor are you to be concerned with the wisdom of any rule of law stated by me. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law other than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. [1/]

---

[1/]    The majority of proposed instructions were adapted from instructions utilized by the Court in the cases of *Coleman v. Siedel*, 533 F. Supp. 593 (D.Conn. 1980) or *James v. Tilghman,* 2:91CV1136(JGM) on May 7, 1999.  Additional a

2.      Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Court's instructions.

3.  It is your duty as a jury, to deliberate on this case and arrive at a decision based upon the evidence and the law. Sympathy has no place in the case and you should definitely avoid any consideration of sympathy as a basis for your decision    The legal rights of the defendant and the plaintiff are both to be safeguarded.  All of the parties, the plaintiff and the defendant, are equal in the eyes of the law and are entitled to equal protection of the law and equal rights in the hands of the jury.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences of your decision.

4. Nothing I say in these instructions is to be taken as an indication that the Court has any opinion about the facts of the case.  It is not my function to determine the facts, but rather it is yours.

5. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given to you in my instructions.

---

2/      Authority for remaining paragraphs appears directly after each paragraph.

6.  As the sole judges of the facts, you, the jury, must determine which of the witnesses you believe and what portion of their testimony you accept, and what weight you attach to it.  At times during the trial the court has sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, has instructed that it be stricken from the record and that you disregard it and entirely dismiss it from your minds.

7.  You may not draw inferences from unanswered questions, nor may you consider testimony that has been stricken in reaching your decision.  The law requires that your decision be made solely upon the competent evidence before you.  The items that I have excluded from your consideration have been excluded because they are not legally admissible.

If in these instructions any rule, direction or idea is repeated or stated in varying ways, no emphasis thereon is intended by me and must not be inferred by you.  For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others, but are to consider all the instructions as a whole and are to regard each in light of all the others.

8.  The Court will first direct your attention to certain general principles, which will guide your consideration of the matters which are in litigation, before discussing the specific facts of this case and the law applicable thereto.

9.  You, ladies and gentlemen, are the sole judges of the facts. You are to find the truth as to the facts and in so doing, to recollect the testimony, and from that recollection of the testimony, including the weighing of that testimony and passing upon the credibility of the witnesses, draw your own conclusions as to what the ultimate facts of the case are.  In so doing, you are not to be governed by what counsel for either of the parties in their arguments may say the testimony was, or even what the Court might say the evidence in the case was; for if your

3

recollection of the factual evidence is different, it is your recollection that must govern. Statements and arguments of counsel are not evidence in the case.

10. If you wish to have the courtroom testimony of any witness repeated or verified, you may request the Court by a note from your foreperson, in writing, to have that part of any witness' testimony read back to you by the court reporter. For, as I previously stated, you are to be the sole judges of the facts.

11. In weighing the evidence, you are allowed to draw logical inferences from facts which you find to have been proved; but you must not go outside the evidence to find facts, nor to resort to guesswork or conjecture.

12. The law you should accept as stated by the Court in this charge; and you should do this without regard to any claims as to the law which may have been made by counsel for either side during the trial or during the summation arguments; also without regard to any personal convictions you may have yourself as to what the law ought to be, as it applies to the kind of case that has been presented before you here.

**Burden of Proof**

13.     The burden is on the plaintiff, Mr. Hall, in this civil action to prove every essential element of his claim by a preponderance of the evidence. If the plaintiff should prove each essential element of his claim by a preponderance of the evidence, the jury should find for the plaintiff. If, however, the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence in the case, the jury should find for the defendant.

14.   Now, what do I mean by a fair preponderance of the evidence?  What is the measure of this weight or burden?  Well, it is simply this:  the plaintiff has the burden of proving by the better evidence, the weightier evidence, that the proposition or propositions which he advances are so, that they are true.  Of course, you cannot literally weigh evidence on an imaginary pair of scales, although we use that term.  But, if you could weigh evidence on an imaginary pair of scales for, or against a proposition, if it were in balance, that is, equal balance, then the burden that the plaintiff is required to meet would not be met.

15.     If from all the evidence, you cannot tell whether a proposition has been sustained or not, of necessity you have to find that the burden has not been met.  But, if it preponderates - that is, if the evidence produced by the plaintiff who has the burden of proof ever so slightly in his favor, then that burden has been met.

16.   It is not required that the defendant come into Court and attempt, if he does not so desire, to dispute the claims of the plaintiff or to minimize the damages which he claims; and he is not required to produce any evidence one way or another.  A defendant may, of course, as they have done in this case, present such evidence as they choose, and cross-examine the plaintiff's witnesses.

17.   All of the testimony must be weighed by you, including that which is brought out on cross-examination and that which the defendant himself has presented and all the facts admitted in the pleadings and the other evidence in the case, in determining whether or not the plaintiff has established his claims, by a fair preponderance of the evidence.

18.   In this case, in determining whether or not the plaintiff has established and proved by a fair preponderance of the evidence the allegations of his complaint, the Court makes reference

to the words "prove" or "find" with reference to the burden which rests upon the plaintiff here. However, throughout this jury charge you will understand, when I say the plaintiff has to prove a fact to you or that you may find a fact based upon the proof in the case, I mean that he must prove to you with this degree of proof that I have just defined; that is by a fair preponderance of the evidence, even though I simply use the word "prove" or the word "find."

19.  In other words, in a civil action, such as this, the burden is on the plaintiff to prove this claim by a preponderance of the evidence.  If he should fail to do so, then you would find for that defendant.  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

20.  Putting it another way, "establishing something by a preponderance of the evidence" means that you are convinced what is claimed to have happened, most likely did so.  It is the plaintiff's burden to produce evidence, if he can, that will convince you that the actions of a defendant as applied to the plaintiff, violated the law.

**Evidence**

21.  There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence such as testimony of an eye witness.  The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

6

22.  Now, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

23.  You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

24.  Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in this case.  You cannot, however, resort to speculation or conjecture.

25.  The party upon whom rests the burden of proving a fact or issue has sustained that burden if all of the evidence, including both that presented by the plaintiff and that presented by the defendant considered fairly and impartially, induces in your mind a reasonable belief that it is more probable than otherwise that such fact or issue is true.

**Witnesses**

26.  Now, in respect to the credibility of witnesses:  The credibility of witnesses and the weight to be given to their testimony are matters which it is peculiarly your function to determine.  However, I may properly make certain suggestions to you.

27.  No fact is, of course, to be determined merely by the number of witnesses testifying for or against it; it is quality, not the quantity of testimony that counts.

7

28.     In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness.  You should consider any possible bias or prejudice he may have, whether for or against the plaintiff or a defendant; his interest or lack of interest of whatever sort in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

29.  You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action.  If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it.  In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

30.  The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine.  When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind, and scrutinize the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it that weight which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

31.  Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or

more persons witnessing the same incident or transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

32.  If, however, you conclude that a witness has not only testified falsely but that he had done so intentionally or willfully, that facts casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of his testimony.  In this regard you may also take into consideration a witness' previous criminal history for the purpose of weighing the credibility of that witness' testimony in this Court. (Federal Rules of Evidence, Rules 608, 609).

33.  You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

34.   It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.   It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

35.   How do you determine where the truth lies?  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he appear to be frank, forthright and candid, or evasive and edgy as if

hiding something?  How did the witness appear; what was his demeanor--that is, his carriage,

behavior, bearing, manner and appearance while testifying?  Often it is not what a person says

but how he says it that moves us.

36.   You should use all the tests for truthfulness that you would use in determining

matters of importance to you in your everyday life.  You should consider any bias or hostility the

witness may have shown for or against any party as well as any interest the witness has in the

outcome of the case.  You should consider the opportunity the witness had to see, hear, and know

the things about which he testified, the accuracy of his memory, his candor or lack of candor, his

intelligence, the reasonableness and probability of his testimony and its consistency or lack of

consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in

light of his or her demeanor, the explanations given and all of the other evidence in the case.

Always remember that you should use your common sense, your good judgment and your own

life experience.

36A.   You have heard testimony that some of the witnesses were previously convicted

of a felony, that is, an offense punishable by more than one year in jail.  These prior convictions

were put into evidence only for you to consider in evaluating those witnesses' credibility.  You

may consider the fact that a witness has been convicted of a felony in deciding how much of his

testimony to accept and what weight, if any, it should be given.

Neither Mr. Bates nor any other witness in this case is not on trial in this case for the

crimes he committed.  Incarcerated persons do not lose all of their constitutional rights when

sentenced to prison.

36B.    Testimony of a Correctional Officer and a Prisoner

The testimony of a Correctional Officer is entitled to no special sanctity or credibility simply because the witness is a Correctional Officer.  A Correctional Officer who takes the witness is a Correctional Officer.  A Correctional Officer who takes the witness stand subjects his or her testimony to the same examination and the same examination and the same tests as any other witness.  The testimony of people employed by the government, including Correctional Officers, is entitled to no more or less credibility than the testimony of any other witness.  As with any other witness, it is exclusively the province of the jury to give the testimony of a Correctional Officer the credibility or weight you think it deserves.

Just as you are not to accord any greater or lesser weight to the testimony of a witness simply because He or she is a Correctional Officer, you also may not accord any lesser or greater weight to the plaintiff's testimony just because he is a prisoner.  Use the same tests to judge the credibility of each witness and make  your judgment based on a fair evaluation of the evidence. As I told you earlier, inmates and Correctional Officers are entitled to the same fair trial at your hands as any private individual.

36C.    Conduct of Counsel

As you saw on frequent occasion, it is the duty of Attorneys to object when the other side offers testimony or other evidence which the Attorney believes is not properly admissible.  As you know, counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All questions of law must be decided by the Court.  You should not show any prejudice against an Attorney or the clients of

11

that Attorney because the Attorney objected to the admissibility of evidence, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

### 42 U.S.C. § 1983

37. The plaintiff Mr. Bates has filed this lawsuit under 42 U.S.C. § 1983. This law provides a remedy for individuals (or other entities) who have been deprived of their constitutional rights under color of state law. Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 of Title 42 of the United States Code states, :

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish his claim under § 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law.

12

Second, that this conduct deprived plaintiff of rights, privileges or immunities secured by the constitution of the United States.

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

**Authority**: *Parratt v. Taylor*, 451 U.S. 527 (1981); *Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1982); *Imbler v. Pachtman*, 424 U.S. 409(1976); *Mitchum v. Foster*, 407 U.S. 225 (1972); *Monroe v. Pape*, 365 U.S. 167 (1961).

38.     The plaintiff has the burden of proving each and every  one of these elements of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

**Authority:** *Gomez v. Toledo*, 446 U.S. 635 (1980).

I shall now examine each of the three elements in greater detail.

## **FIRST ELEMENT - ACTION UNDER COLOR OF STATE LAW**

## **DEFINITION**

39.      The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

13

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

In this case, the defendants concedes that all of their actions taken with regard to the plaintiff were undertaken under color of state law, so this is not an element of plaintiff's claim under § 1983 that requires your deliberation. You must find that the defendants were acting under color of law, within the meaning of the statute.

**Authority:** *Adickes v. S.H. Kress Co.,* 398 U.S. 144 (1970); *Monroe v. Pape,* 365 U.S. 167 (1961); *Screws v. United States*, 325 U.S. 91(1945); *United States v. Classic*, 313 U.S. 299 (1941); *Hague v. C.I.O.,* 307 U.S. 496 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles*, 227 U.S. 278 (1913).

## SECOND ELEMENT - DEPRIVATION OF RIGHT/CRUEL AND UNUSUAL PUNISHMENT

40.     Second, plaintiff must prove that the defendants actions caused the plaintiff to suffer the loss of his constitutional rights. The federal right at issue is the right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment of the United States Constitution.

As you know, plaintiff claims that the defendants Larry Myers, Tom Coates and Maurice Butler acted with deliberate indifference to his safety and welfare, in violation of the Eighth

Amendment of the U.S. Constitution.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment upon an incarcerated person such as the plaintiff.

Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  As a general rule, prison officials have a duty to do what is in their power to protect prisoners from violence at the hands of other prisoners within their custody.  Not every injury suffered by one prisoner at the hands of another, however, translates into constitutional liability for prison officials responsible for the prisoner's safety.  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only is he knows that an inmate or inmates face a substantial risk of serious harm, is in a position to take reasonable measures to abate the harm, and disregards the risk by failing to take reasonable measures to abate the harm.

**Authority:**  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillan*, 503 U.S. 1 (1992); *Wilson v. Seiter,* 501 U.S. 294 (1991).

41.    To demonstrate that the defendant violated the plaintiff's Eighth Amendment rights, plaintiff must prove two components:  an objective component and a subjective component.

A.  Objective Component-- Risk of Sufficiently Serious Harm

The objective component of the Eighth Amendment tests whether the risk of harm is objectively serious enough to violate the constitution.  The plaintiff can satisfy this component by showing that the risk of harm alleged was objectively, sufficiently serious.  A plaintiff can demonstrate that the risk of harm was sufficiently serious under the constitution by showing that he was incarcerated under conditions posing a substantial risk of serious harm.

F.  Subjective Component-- Deliberate Indifference

The subjective component is satisfied if the plaintiff shows that a person acting under the color of state law exhibited deliberate indifference to a substantial risk of serious harm. Deliberate indifference occurs when an official knows of and disregards an excessive risk to inmate health or safety and is in a position to take reasonable measures to abate it; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also have drawn the inference.

**Authority:**  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillan*, 503 U.S. 1 (1992); *Wilson v. Seiter,* 501 U.S. 294 (1991).

42.     You may find that the defendant was deliberately indifferent based on circumstantial evidence of that defendant's state of mind.  You may conclude that a prison official knew of a substantial risk from the fact that the risk was obvious.   The plaintiff may show that defendant knew of an obvious risk by presenting evidence showing that a substantial risk of an attack by this inmate was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past.  Also, evidence that a defendant had been exposed to information concerning the risk and thus must have known about it is sufficient for you to conclude that the defendant actually knew of the risk.  Even if a prison official did not know that the plaintiff was especially likely to be assaulted by the specific prisoner who eventually committed the assault, he is still liable under the deliberate indifferent standard if he was aware of an obvious, substantial risk to the plaintiff's safety and failed to take reasonable measures he was in a position to take.  A defendant can avoid liability if he shows that he was unaware of any

16

obvious risk or that  he - responded reasonably to the risk, even if the harm was not ultimately averted.

**Authority:**  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillan*, 503 U.S. 1 (1992); *Wilson v. Seiter,* 501 U.S. 294 (1991).

43.     In order for the plaintiff to establish a claim for violation of his Eighth Amendment rights under § 1983, he must show that the defendant acted intentionally or recklessly, or refused to act when the defendant was in a position to take reasonable measures to abate the harm.  If you find that the acts of defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, plaintiff will not have prevailed on his claim.

**Authority:**  *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hudson v. McMillan*, 503 U.S. 1 (1992); *Daniels v. Williams*, 474 U.S. 327(1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Whitley v. Albers*, 475 U.S. 312 (1986); *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied, sub nom, John v. Johnson,* 414 U.S. 1033 (1973).

44.  An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.  In contrast, an act is merely negligent if the defendants were under a duty or obligation, recognized by law, that required them to adhere to a certain standard of conduct to protect others against unreasonable risks and he breached that duty or obligation.

 In determining whether the defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a

person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to

depend on what was done and what the people involved said was in their minds and your belief

or disbelief with respect to those facts.

**Authority:**  Modern Federal Instructions ¶ 87.03, Instruction 87-76.

44A.   Supervisory Liability

Two of the defendants, Larry Myers and Tom Coates, were supervisors.  Liability of

supervisory officials under § 1983 can be proved in the following circumstances:  (1)  the

defendant participated directly in the alleged constitutional violation, (2) the defendant, after

being informed of the violation through a report or appeal, failed to remedy the wrong,

(3) the defendant created a policy or custom under which unconstitutional practices occurred, or

allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in

supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited

deliberate indifference to the rights of the plaintiff by failing to act on information indicative that

unconstitutional acts were occurring.

## THIRD ELEMENT:  CAUSATION

45.  The third element which plaintiff must prove is the defendant's acts was a proximate

cause of the injuries allegedly sustained by the plaintiff.  If plaintiff has proven to you that he

was wrongfully assaulted by other inmates, that, alone, is not sufficient.  Proximate cause means

that there must be a sufficient causal connection between the act or omission of the defendant

and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate

cause if it was a substantial factor in bringing about or actually causing injury, that is, if the

injury or damage was a reasonably foreseeable consequence of the defendant's act or omission, it

was proximately caused by such act or omission.   If an injury was a direct result or a reasonably probable consequence of defendant's alleged act or omission, it was proximately caused by such an act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant.  If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendants, Larry Myers, Tom Coates or Maurice Butler.

**DAMAGES**

46.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable and have to pay money damages to the plaintiff. Because the plaintiff is making a claim for money damages in this case,

I must instruct you in the law of damages. You should not interpret this instruction as suggesting that the defendant violated the plaintiff's rights or that he did not act in good faith. You should not consider the question of damages at all, unless you have first determined that the defendant did violate the plaintiff's constitutional rights and that he did not act in good faith.

I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct of the defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff - you must award actual damages only for those injuries that are a direct result of actions by this defendant and that are a direct result of conduct by the defendant which violated plaintiff's rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

20

**Authority:** *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Smith v. Wade*, 461 U.S. 30 (1983); *Carey v. Piphus*, 435 U.S. 247 (1978); *Batista v. Weir*, 340 F.2d 74 (3d Cir. 1985); *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. 1980).

47.     And I want to repeat here that with regard to the matter of injuries and the matter of damages, the same rule relative to the burden of proof on the plaintiff still applies.  In other words, the burden is on the plaintiff to prove these elements of damage by a fair preponderance of the evidence.  Just as it was in connection with his claimed allegations on the issue of liability.

Compensatory damages is a sum of money designed to compensate the plaintiff for the denial of his federal constitutional rights.  In order to recover compensatory damages the plaintiff must prove actual injury.  *Carey v. Piphus*, 435 U.S. 247, 288 (1978).

48.     If you find that the defendants, because of their own conduct, are liable to pay damages for causing the deprivation of the plaintiff's constitutional rights, your question is: What are those "just damages"?  The fundamental rule and principle as to compensatory damages is that the amount awarded should be just, fair and reasonable compensation, no more and no less, for the pain, suffering, inconvenience, disability and losses suffered, if any, as a direct and proximate result or consequence of the defendant's actions.  The burden of proving what, if any, these injuries and losses were, and their extent, of course, rests upon the plaintiff. Conn. Jury Instructions, Vol. 1, Douglas B. Wright, § 226, pp. 394-395.  Again, the burden or proving damages is on the plaintiff.

49.     As I previously instructed you, the defendant must be judged by you on the basis of his own conduct.  The actions of others cannot be imputed to the defendant.  In this regard the

burden rests with the plaintiff to prove personal involvement. The defendant must have personal

involvement in denying the plaintiff his constitutional rights.

**Authority**: *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir. 1973), *cert. denied,* 414

U.S. 1033; *Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir. 1974); *Ayers v. Coughlin*, 780 F.2d

205, 210 (2d Cir. 1985).

## EXEMPLARY OR PUNITIVE DAMAGES

50.  If you award the plaintiff actual damages, then you may also make him a separate

and additional award of exemplary or punitive damages.  You may also make an award of

punitive damages even though you find that plaintiff has failed to establish actual damages.

Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or

outrageous conduct, or to deter or prevent the defendant and others like him from committing

such conduct in the future.

51.     You may award the plaintiff punitive damages only if you find that the acts or

omissions of the defendant were done maliciously or wantonly.  An act or failure to act is

maliciously done if it is prompted by ill will or spite towards the injured person.  An act or

failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights

of the injured person.  The plaintiff has the burden of proving, by a preponderance of the

evidence, that the defendant acted maliciously or wantonly with regard to the plaintiff's rights.

52.     An intent to injure exists when a defendant has a conscious desire to violate

federal rights of which he is aware, or when a defendant has a conscious desire to injure plaintiff

in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that

caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

53.     If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injury him or if you find that the defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

54.     In making this decision, you should consider the underlying purpose of punitive damages.  Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter them and others like them from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the defendant may have committed.

55.     If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.   That is, in fixing the sum to be awarded, you should consider the degree to which this

defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter this defendant or persons like him from committing wrongful acts in the future.

56.    The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded.  Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of the damages.

**Authority:**  *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986); *Smith v. Wade*, 461 U.S. 30(1983); *City of Newport v. Fact Concerns, Inc.,* 453 U.S. 247 (1981); *Carlson v. Green*, 446 U.S. 14 (1980); *Carey v. Piphus,* 435 U.S. 247 (1978).

57.    Finally, members of the jury, in considering the purposes for which punitive damages may be awarded, you must also bear in mind that the law requires that the amount of punitive damages, if awarded, must be fixed with calm discretion and sound reason, and must never be influenced by any sympathy, bias or prejudice with regard to any party to the case. Punitive damages may be awarded when such an award would have a "deterrent impact." *Sostre v. McGinnis*, 442 F.2d 178, 205 (2d Cir. 1971), *cert. denied, sub nom.; Sostre v. Oswald,* 404 U.S. 1049 (1972).  However, in considering the issue of whether punitive damages could conceivably be justified under the facts of this case, you should be mindful of the fact that punitive damages "are not a favorite in law and are to be allowed only with caution and within

24

narrow limits." *Lee v. Southern Home Sites Corp., supra*, 429 F.2d at 294, *cited in Lareau v. Manson,* 383 F. Supp. 214, 219 (D.Conn. 1974) (Blumenfeld, J.).

## II.  Instruction on Affirmative Defenses

### 1.  Qualified Immunity

58.       In this case, all each defendant claims that he is entitled to qualified immunity.  If you find that none of the defendants deprived plaintiff of his rights, then you need not consider defendants' defense of qualified immunity.  If, however, you find that any one or more of the defendants did deprive plaintiff of his rights, the defendants still may not be liable to plaintiff.  This is so because in an action such as this, an individual defendant, sued in his individual capacity, may be entitled to what is called qualified immunity.

59.  All three defendants are sued in their individual capacities.  The defendants have the burden of proving that they are entitled to qualified immunity for their actions by a preponderance of the evidence.  The plaintiff does not have the burden of proof on this issue.

60.  Qualified immunity shields a defendant official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

61.  At the time of the incidents giving rise to the lawsuit, it was clearly established law that individuals enjoy a Eighth Amendment right to be free from cruel and unusual punishment.  He had a clearly established right to be free from assault by another inmate if that assault was due to defendants' deliberate indifference to the plaintiff's physical safety, as I have explained to you.

62.   However, even if you find that the defendants did deprive the plaintiff of his Constitutional rights under the Eighth Amendment, the defendants still may be entitled to what is called qualified immunity.  If you find that they are entitled to such immunity, you may not find them liable.  If, at the time of the constitutional violation alleged by the plaintiff, any given defendant neither knew nor should have known that his actions were contrary to federal law, that defendant is entitled to qualified immunity.

64.   The simple fact that a defendant acted in good faith would not be sufficient to bring him within the protection of this qualified immunity.  Nor would the fact that the defendant was unaware of the requirements of federal law.  The defendant is entitled to qualified immunity only if first, he did not know what he did was in violation of federal law and if, second, a competent correctional official in his position could not have been expected at the time to know that the conduct was in violation of federal law.

63.   In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of the defendant's official duties, the character of their official position, the information which was known to the defendants or not know to them, and the events which confronted them at the time..  You must ask yourself what a reasonable official in the defendant's situation would have believed about the legality of each defendant's conduct.  You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiffs.  You may also use your common sense.  If you find that a reasonable official in the defendant's situation would have believed his conduct to have been lawful, then this element will be satisfied.

64.     The defendants have the burden of proving that they neither knew nor should have known that their actions violated clearly established federal law.  If the defendants convince you by a preponderance of the evidence that a reasonable correctional official would have made the same decision under the same circumstances, or that he neither knew nor should have known that his actions violated such federal law, then you must return a verdict for the defendants, even though you may have previously found that the defendants in fact violated one or more of the plaintiff's rights under color of state law.

**Authority:**  *Graham v. Connor,* 790 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989);  *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Roy v. City of Lewiston, ME*, No. 94-1260 (1st Cir. 12/21/94), 1994 WL 702817.

## INTERROGATORY/VERDICT FORM

65.  For your benefit, a two-pate Interrogatories and Verdict form has been prepared. You will take this form to the jury room, and when you have reached unanimous agreement with respect to it, you will have your foreperson fill it in, date and sign the form, which set forth the verdict upon which you unanimously agreed, and then return with this form to the courtroom.

After you select your foreperson, you should address the Interrogatories, which ask the central questions regarding the claims advanced by the parties.  (form read to jury)

66.  It is proper to caution that nothing said in these instructions, in these Interrogatories and verdict form prepared for your convenience is meant to suggest or convey in any way or

27

manner any indication as to what verdict I think you should find.  What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the questions before you, until after you have reached an unanimous verdict.

## ADDITIONAL REQUESTS

67.  The defendants respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference.  This request is made in an abundance of caution and on the theory that the defendant can not reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

DEFENDANTS,
Larry Myers, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:___/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar No. ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

**<u>CERTIFICATION</u>**

I hereby certify that a copy of the foregoing was mailed to the following on this 15th day

of June 2004:

Earl Bates, Inmate No. 179696
Garner Correctional Institution
50 Nunnawauk Road, PO 5500
Newtown, CT  06470

Perry Zinn Rowthorn
Assistant Attorney General
55 Elm Street, 4th Floor
Hartford, CT  06106

  /s/_____
Lynn D. Wittenbrink
Assistant Attorney General

No. 003898257