1.)

**FILED**

2004 JUN 22 A 11:08

U.S. DISTRICT COURT
HARTFORD, CT.

Earl Bates

v.

Warden Myers, ET. AL

Case No. 3:02 CV 1098 (CFD)

June 17, 2004

Second Motion for appointment
of Counsel

The plaintiff <u>Earl Bates</u> pursuant to §1915, requests this court to appoint counsel to represent him in this case for the following reasons:

1.) The plaintiff is unable to afford counsel.
2.) The issues involved in this case are complex.
3.) The plaintiff has extremely limited access to a law library.
4.) The plaintiff is uneducated an has limited knowledge of law.

Affidavit in support of the Plaintiffs motion for the appointment of counsel

I <u>Earl Bates</u>, being duly sworn, deposes and says:

1.) I am the plaintiff in the above entitled case. I make this affidavit in support of my motion for the second appointment of counsel.

2.) The complaint in this case alleges that the plaintiff was subjected to a prisoner assault in the Department of Correction prison. The named defendants failed to protect the plaintiff from this prisoner assault. The defendants "deliberate indifference" actions constituted to the plaintiffs injuries to his face, shoulders, back, and legs. By the defendants being informed of the problems an fights the plaintiff was having with his cell partner inmate Dennis Bonner, the defendants failed to protect me. The defendants displayed a reckless disregard for my wellbeing and life.

3.) This is a complex case because it contains both subjective and objective prongs involving the defendants.

4.) The case involves medical issues that may require expert testimony.

5.) The plaintiff has demanded a jury trail.

6.) The case will require discovery of documents and depositions of a number of witnesses.

7.) The plaintiff does not have a high school education and has no legal education.

8.) The plaintiff has very limited access to legal materials and has no ability to investigate the facts of the case, for example, by locating interviewing the other

3.)

correctional officials and inmates who were eyeswitnesses to the prisoner assault.

The plaintiff declares under penalty and perjury that the following is true:

6-17-04
*[signature]*

## Argument

1.) In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existance of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949. F. 2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S. Ct. 1995 (1992) In addition courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A Sargenti Co, Inc., 877 F. 2d 170, 173 (2d Cir 1989) Each of those factors weighs in favor of appointing counsel in this case.

LAW OFFICES
OF
SYDNEY T. SCHULMAN

INMATES' LEGAL ASSISTANCE PROGRAM

Administrative Director
Sydney T. Schulman, Esq.

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

January 23, 2003

Mr. Earl Bates
Inmate #179696
Garner Correctional Institution
50 Nunnawauk Road
P.O. Box 5500
Newtown, Connecticut 06470

Dear Mr. Bates:

Thank you for your letters dated December 24, 2002, and January 3, 2002. Inmates' Legal Assistance Program ("ILAP") received them on December 30, 2002, and January 13, 2002. This letter is written in response to your letters as well as your legal call with me on January 8, 2003.

Pursuant to our discussion enclosed are a copy of my letter to you dated December 30, 2002, and a list of attorneys who participate in the *pro bono* program. In addition, the telephone numbers below are for attorney referral services in Connecticut:

Fairfield County: (203) 335-4116
Hartford: (860) 525-6052
New Haven County (incl. Waterbury): (203) 562-5750
New London/Norwich: (860) 889-9384
Connecticut Bar Association: (860) 223-4400

In your December 30, 2002, letter and during our conversation you indicated that some of your property is still at Northern Correctional Institution ("CI") and has not been transferred to Garner CI. You asked for three property claim forms for the Claims Commission, which are enclosed. You also asked that I speak with Major Lajoie regarding this matter. On January 8, 2003, I telephoned Major Lajoie but he was unavailable. I called Major Lajoie again on January 15, 2003, however, he was still unavailable. Finally, on January 23, 2003, I spoke with Major Lajoie. While I was on the phone with him, he made another phone call and verified that your property was recently sent to Garner CI. If you do not receive your property in the next few weeks, please inform me and I will contact Major Lajoie again.

In your January 13, 2003, letter, you requested assistance with a federal court case, docket

Mr. Earl Bates
Page 2 of 3
January 23, 2003

number 02-CV-1098, regarding an assault by "inmate Bonner" on January 16, 2002, and you requested assistance obtaining health clinic reports regarding the incident . Attached to your letter was a copy of the complaint you filed, grievances and inmate requests. Enclosed are the original documents you sent ILAP, copies of which I have retained in your ILAP file.

In your complaint you alleging that the correctional officers failed to protect you from being assaulted by another inmate in violation of the Eighth Amendment. The standard of proof in this type of action is "deliberate indifference" or reckless disregard to a known danger. In other words, you will have to prove the officers knew of a "substantial risk of serious harm" and disregarded that risk by failing to take reasonable measures to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994). Thus, evidence that you expressed fear of being assaulted to the Department of Correction ("DOC") is crucial for you to succeed with a §1983 claim for failure to protect. You must show that the DOC had <u>notice of a threat prior to the attack</u> itself, and that it was not a random act of violence. The DOC will not be held liable if it was not notified of any threats, warnings or indications that you would be assaulted by this other inmate.

Before I can determine if you can establish a *prima facie* case, I will need to review the DOC's responses to your inmate requests, as well as your medical records. In your letter you requested assistance with obtaining from the "health clinic reports." Do you mean the medical records from the DOC medical facility? If so, ILAP can obtain these records for you. Due to the confidential nature of physician-patient privilege, however, the medical staff is precluded from divulging anything relative to your treatment and/or diagnosis. I must have your express, written permission to access and review your medical file. Enclosed a medical release authorization, if the records you are seeking are from the DOC, and if you elect to have me obtain and review your medical records, please insert your initials in the areas designated with a "✓" mark. Remember to have an institutional representative witness your signature. Return the completed release to me at your earliest convenience. After receipt of your release, I will request your medical records from John Botti, at UCONN Correctional Managed Health Care. I ask that you exercise patience since it usually takes five (5) to six (6) weeks to receive a medical file. Once I receive your records I will forward you a copy and then submit them to ILAP's medical school graduate for review. Once they are reviewed I will communicate my findings to you.

Be advised that there is a possibility that ILAP may not be able to assist you with this case due to a conflict of interest. If Inmate Bonner is also a client of ILAP and has already sought ILAP's assistance with this matter, then ILAP would be prohibited from assisting either one of you. This is because ILAP will most likely have information from both of you regarding the assault and representing either one of you would amount to a conflict of interest prohibited by the Rules of Professional Conduct.

Please provide me with Inmate Bonner's first name, and, if you have it, his inmate number, so that I can determine if a conflict of interest exists. Be advised that even if a conflict does

Mr. Earl Bates
Page 3 of 3
January 23, 2003

arise and ILAP cannot assist you with your claim, I will still request the medical records discussed above.

I wait for your response to my request for additional information. In the interim if you have any questions or concerns about the above, or any other civil matter, please contact ILAP again.

Sincerely,

Jenna M. Edmundson,
Staff Attorney

Enclosures



# CCLU

## Connecticut Civil Liberties Union Foundation

32 Grand Street • Hartford, CT 06106
860-247-9823 • Fax: 860-728-0287

November 1, 2002

Earl Bates #179696
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

Dear Mr. Bates,

    Thank you for your recent letter. Due to funding and staffing limitations, we are no longer able to personally respond to each letter we receive.

    Unfortunately, the Connecticut Civil Liberties Union does not have staff available to investigate or respond to individual inmate legal complaints. Requests for legal assistance should be directed to Inmates Legal Assistance, P.O. Box 260237, Hartford, CT 06126.



# Doris B. D'Ambrosio
Attorney-at-Law

784 Farmington Avenue  
West Hartford, CT 06119

Telephone No.(860)232-5515  
Facsimile No.(860)232-5525  
E-Mail: RightEsq@aol.com

July 26, 2002

Mr. Earl Bates  
#179696  
Northern C.I.  
P.O. Box 665  
Somers, CT 06071

Dear Mr. Bates:

I am returning your correspondence to Attorney Wetstone, who is no longer at this address or practicing law. She is now sitting as a Judge.

Very truly yours,

Doris B. D'Ambrosio

Enclosures

# WILLIAM H. CLENDENEN, JR.

A Professional Corporation
Attorneys at Law

William H. Clendenen, Jr.
James E. Clifford
Nancy L. Walker
Thomas C. Pellegrino
Kevin C. Shea

400 Orange Street
P.O. Box 301
New Haven, Connecticut 06502-301

Telephone 203-787-1183
Telecopier 203-787-2847
E-Mail: office@clenlaw.com

Janet O. Marlowe
Lynne M. Tourville
Nadine P. Toce
Legal Assistants

August 27, 2001

Mr. Earl Bates
P.O. Box 665
Somers, CT  06071

     Re:  Legal Assistance

Dear Mr. Bates:

     Thank you for your letter of August 22, 2001.  I am sorry we are unable to assist you.

                        Sincerely,

                        William H. Clendenen, Jr.
                        Attorney at Law

WHCj/npt

# LAWYER REFERRAL SERVICE
**SPONSORED BY THE HARTFORD COUNTY BAR ASSOCIATION**
179 Allyn Street, Suite 210, Hartford, CT 06103-1424
Tel. (860) 525-6052  Fax (860) 293-1345

July 18, 2001

Mr. Earl Bates
# 179696
287 Biltou Road
Somers, Connecticut 06071

**Re: Lawyer Referral**

Dear Mr. Bates:

We have received your letter requesting assistance in obtaining an attorney from the Lawyer Referral Service. Since all initial consultations are conducted in person in the attorney's office, we regret that we are unable to assist you. We do not have attorneys on staff to give legal advice.

Additionally, this office does not give out lists of attorneys.

You may forward your letter to the following for assistance:

**Inmate Legal Assistance**
**P.O. Box 260237**
**Hartford, CT 06106-0237**

**Phone # 1-800-301-4527 or local Hartford # 246-1118**
**Fax # 246-1119**

Fairfield Lawyer Referral # 203-335-4116

Thank you for your interest in the Lawyer Referral Service.

Sincerely,

Lawyer Referral Service