# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------

|  |  |  |
|---|---|---|
| **EARL BATES** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **3:02 CV 1098 (CFD)** |
| | ) | |
| | ) | |
| **LARRY MYERS, THOMAS COATES,** | ) | **MOTION TO COMPEL** |
| **AND MAURICE BUTLER** | ) | |
| **Defendants.** | ) | |
| | ) | **AUGUST 16, 2005** |
| | ) | |
| | ) | |

----------------------------------------------------------

## MOTION TO COMPEL DEFENDANTS' DISCLOSURE OF REQUESTED DISCOVERY

Plaintiff, Earl Bates ("Mr. Bates" or "Plaintiff") through his undersigned *pro bono* counsel, and pursuant to Rules 37(a)(2)(B) and 37(a)(3) of the Federal Rules of Civil Procedure and Local Rule 37, moves this Court for an order compelling the State of Connecticut Department of Corrections and its employees, defendants Warden Larry Myers, Major Thomas Coates, and Captain Maurice Butler (collectively referred to as the "Defendants") to disclose and produce for inspection the following limited and detailed documents:

**ORAL ARGUMENT NOT REQUESTED**

HARTFORD 124986v1

## I.    RESPONSE TO PLAINTIFF'S REQUEST NUMBER 4.

Plaintiff seeks Defendant Maurice Butler's Department of Corrections employment records as limited in scope and specifically tailored to lead to admissible evidence by Plaintiff's Amended Document Request dated June 7, 2005, Request number 4. Request Number 4 is re-stated in its entirety as follows:

> Any and all Department documents regarding Captain Maurice Butler's Department employment file that reference or pertain to negative employment reviews, grievances, administrative recommended transfers, requested transfers, administrative inquiries, reprimands, suspensions, and any disciplinary proceedings and appeals thereof brought against or otherwise involving Captain Butler during his entire employment with the Department, up and through the date of this Request.

Defendants have failed to produce any documentation that is responsive to Request number 4 and have failed to state an adequate objection to this Request in their June 9, 2005 Objections to Plaintiff's Amended Document Request. Moreover, Defendants, through counsel, have categorically stated that they will not produce any documentation responsive to this Request without Court intervention. See e-mail dated August 2, 2005 attached hereto as Exhibit 1. In this e-mail, Attorneys Lynn. D. Wittenbrink and Steven R. Strom of the Attorney General's Office specifically state to Plaintiff's counsel Stephen J. Brown of Brown Raysman Millstein Felder & Steiner the following:

> LYNN D. WITTENBRINK: "We are in receipt of your letter dated July 28, 2005. If you intend to pursue discovery of Cap. Butler's employment records, you will need to address it before Judge Smith...."

HARTFORD 124986v1

STEVEN R. STROM: "Can we confer on this? Do you want to set up a time for Judge Smith? Do you want me to call?"

STEPHEN J. BROWN: "We can definitely confer on this. Are you willing to provide any of the records short of a call to the Judge?"

LYNN D. WITTENBRINK: "No we are not."

Plaintiff has made multiple and extensive good faith attempts to confer regarding discovery in this matter and with regard to this particular Request. See Affidavit of Counsel, Stephen J. Brown ("Aff.") attached hereto as Exhibit 2, at ¶¶ 9, 10, 11, 12, and 15. Plaintiff has made every effort to keep this Court insulated from the discovery process, however, Defendants have repeatedly failed to produce information and documentation based upon arbitrary decisions by counsel, not supported by law and not by any recognized privileges.

Defendant Butler's records are relevant to this 42 U.S.C § 1983 Civil Rights Action. Defendant Butler testified at his Deposition that he had in fact been disciplined by the Department of Corrections for use of excessive force.[1]  In this action, Plaintiff is alleging, *inter alia*, that Defendant Butler as a bad state actor, purposefully and intentionally caused Plaintiff to be beaten by his cellmate, while Plaintiff was restrained in handcuffs and unable to defend himself. Plaintiff also alleges that Defendant Butler facilitated and encouraged the attack on Plaintiff, thereby endangering his safety and life and depriving him of his constitutional rights. These records are reasonably calculated to lead to the discovery of admissible evidence – the standard under the broad discovery allowable under Rule 26. Moreover, the records are likely admissible under the exceptions listed under Rule 404 of the Federal Rules of Evidence.

---

[1] See May 16, 2005 Deposition Transcript page 46, line 9 attached hereto as Exhibit 3.

Defendant Butler's records were subpoenaed by Plaintiff's counsel on May 24, 2005 and again in Plaintiff's Amended Document Request directed to both the Keeper of the Records for the State of Connecticut Department of Corrections and Defendants Counsel, the Attorney General's Office, Division of Corrections (the "Subpoena"). This Subpoena complied with Chapter 563a of the Conn. Gen. Stat. § 31-128f (Personnel Files). Also, the request was specifically limited to only records pertaining to disciplinary actions by the Department of Corrections against Defendant Butler.

## II.    RESPONSE TO PLAINTIFF'S REQUEST NUMBER 3

Plaintiff further moves the Court to order the Defendants to disclose and produce the documents listed on Defendant's July 7, 2005 Log of Documents Withheld From Defendants' Responses To Plaintiff's June 7, 2005 Discovery Request, attached hereto as Exhibit 4. Plaintiff has made multiple requests, both formal and informal, in a good faith effort to obtain these documents. See Aff. at ¶¶ 9, 10, 11, 12, and 15. These documents are relevant to the case at hand and instrumental to Plaintiff's full and fair case at trial. These documents are calculated to lead to admissible evidence as to the failure of Defendants to, *inter alia*, follow proper prison-procedure in placing Mr. Bonner (Plaintiff's cell-mate) back into cell 1W 212 on January 16, 2002.

In their objection, Defendants' merely assert "production of these documents may tend to jeopardize the safety and security of State of Connecticut Department of Correction inmates, staff or facilities." Plaintiff, through the undersigned counsel, has offered to withhold disclosure of any security documents from Mr. Bates and any other outside persons. Defendants have refused. Defendants have also stated production of redacted versions of the documents is not feasible.

4

Plaintiff's request are specifically tailored to minimize any security issues, limited in scope, and reasonably calculated to lead to admissible evidence. Accordingly, Defendants must be compelled to produce these documents, or at the very least be made to detail the document and provide a satisfactory reason for withholding discovery.

## III.    REDACTED NAMES OF INMATES IN JULY 7, 2005 PRODUCTION

Defendants have redacted the names of all of the inmates involved in the January 15, 2002 Code Blue, other than Mr. Bates and Mr. Bonner. Defendants have also redacted the names of several correctional officers who were involved in responding to this Code Blue. Plaintiff has a reasonable belief that the happenings of the January 15, 2002 "trap incident" has significant bearing on the attack of Plaintiff by Mr. Bonner on January 16, 2002, the day in question in this matter. Due to Defendants' redactions, Plaintiff is prevented from discerning whether any of these other inmates involved in holding their traps on January 15th have valuable information bearing on the issues of this action and will be possible witnesses at trial. Defendants have given no explanation for the reason for these redactions, nor can there be any legitimate reason.

Accordingly, Plaintiff requests that Defendants be ordered to produce unredacted versions of the Incident Reports produced to Plaintiff on July 7, 2005.

## IV.    SUMMARY

Based upon the foregoing, Plaintiff respectfully moves this Court for an order

compelling the Defendants to immediately respond to the foregoing Requests.  In further

support of this Motion, and in accordance with Local Rule 7(a)(1), Plaintiff submits the

attached Memorandum of Law.


PLAINTIFF, EARL BATES


By: _Stephen J. Brown_____
Joseph M. Pastore, III (CT 11431)
Brenda M. Hamilton (CT 22683)
Stephen J. Brown (CT 26559)
Brown Raysman Millstein
    Felder & Steiner, LLP
185 Asylum Street
CityPlace II, 10th Floor
Hartford, CT  06103
(860) 275-6410

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion to Compel was sent by first-class mail, postage prepaid and facsimile to the following this 16th day of August 2005, to:

Lynn D. Wittenbrink, Esq.
Steven R. Strom, Esq.
ATTORNEY GENERAL'S OFFICE
State of Connecticut
110 Sherman Street
Hartford, Connecticut 06105
Attorney for the Defendants
Phone: 860-808-5450
Fax: 860-808-5591

Stephen J. Brown

HARTFORD 124986v1

# EXHIBIT 1

## Brown, Stephen J.

| | |
|---|---|
| **From:** | Wittenbrink, Lynn D. [Lynn.Wittenbrink@po.state.ct.us] |
| **Sent:** | Tuesday, August 02, 2005 9:27 AM |
| **To:** | Brown, Stephen J.; Strom, Steven R. |
| **Cc:** | Pastore III, Joseph M.; Hamilton, Brenda |
| **Subject:** | RE: Bates v. Myers |

No we are not.

---

**From:** Brown, Stephen J. [mailto:SBrown@brownraysman.com]
**Sent:** Tuesday, August 02, 2005 9:18 AM
**To:** Strom, Steven R.; Wittenbrink, Lynn D.
**Cc:** Pastore III, Joseph M.; Hamilton, Brenda
**Subject:** RE: Bates v. Myers

We can definitely confer on this.  Are you willing to provide any of the records short of a call to the Judge?

Stephen

>     -----Original Message-----
>     **From:** Strom, Steven R. [mailto:Steven.Strom@po.state.ct.us]
>     **Sent:** Monday, August 01, 2005 4:18 PM
>     **To:** Wittenbrink, Lynn D.; Brown, Stephen J.; Hamilton, Brenda; Pastore III, Joseph M.
>     **Subject:** RE: Bates v. Myers
>
>     Can we confer on this? Do you want to set up a time for Judge Smith? Do you want me to call?

>     | | |
>     |---|---|
>     | **From:** | Wittenbrink, Lynn D. |
>     | **Sent:** | Friday, July 29, 2005 1:33 PM |
>     | **To:** | Brown, Stephen J.; Hamilton, Brenda; Pastore III, Joseph M. |
>     | **Cc:** | Strom, Steven R. |
>     | **Subject:** | Bates v. Myers |
>
>     I am in receipt of your letter dated July 28, 2005.  If you intend to pursue discovery of Cap. Butler's employment records, you will need to address it before Judge Smith.  Steve Strom has just gone to a meeting.  When he gets this email, I trust he and I will confer regarding our schedules and get back to you. Lynn
>
>     Lynn Wittenbrink
>     Attorney General's Office
>     110 Sherman Street
>     Hartford, CT 06105
>
>     Phone:  (860) 808-5450
>     Fax:    (860) 808-5591
>     URL:    http://www.cslib.org/attygenl

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------

| | |
|---|---|
| **EARL BATES** | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | )   **CIVIL ACTION NO.** |
| | )   **3:02 CV 1098 (CFD)** |
| | ) |
| | ) |
| **LARRY MYERS, THOMAS COATES,** | ) |
| **AND MAURICE BUTLER** | )   **AFFIDAVIT OF COUNSEL** |
|       **Defendants.** | ) |
| | )   **AUGUST 15, 2005** |
| | ) |
| | ) |

-----------------------------------------------------

## AFFIDAVIT OF COUNSEL

I, Stephen J. Brown, being duly sworn, hereby depose and state that:

1) I am over the age of eighteen (18) and believe in the obligation of an oath.

2) I am an associate with the law firm of Brown Raysman Millstein Felder & Steiner LLP and in that capacity represent Plaintiff, Mr. Earl Bates ("Plaintiff") in connection with the above-captioned action.

3) I am making this Affidavit in support of Plaintiff's Motion to Compel Defendants to disclose requested discovery and for sanctions pursuant to Local Rule 37.

4) On June 7, 2005, Plaintiff served Defendants with an Amended Document Requests via facsimile and first class mail, postage-prepaid.

5) On June 9, 2005, Defendants responded to the Amended Document Requests with Defendants' Objections to Plaintiff's Amended Document Requests.

1

6)  Defendants have provided documentation in response to several of the Document Requests.

7)  Defendants have failed to provide documentation in response to Request Number 4.

8)  Defendants are withholding documents responsive to Request Number 3, and have not asserted an adequate objection or reason for withholding these documents. These documents are listed in Defendants' Log of Documents Withheld From Defendants' Response to Plaintiffs' June 7, 2005 Discovery Request as follows:

      i.    Cell Extraction Lesson Plan for Northern Correctional Institution;

      ii.    Post Orders for Utility/Activity 1,2,3 Officer;

      iii.    Post Orders for Unit Manager;

      iv.    Post Orders for Recreation/Escort Officer;

      v.    Unit Directive 7.1.1 Key and Tool Control;

      vi.    Unit Directive 7.4.1 Emergency Units.

9)  Plaintiff's counsel has made numerous attempts to obtain the foregoing documents.

10)  Plaintiff's counsel has conferred with Defendants' counsel continuously via e-mail.  See e-mail correspondence dated August 2, 2005 and August 12, 2005 attached hereto as Exhibit A.

11)  Plaintiff's counsel has conferred with Defendants' counsel via telephonic conferences specifically on but not limited to June 17, 2005 and July 5, 2005.

2

12) Despite repeated requests, Defendants' counsel has failed to produce the relevant documents.

13) Defendants' counsel has stated, via e-mail, that Defendants will not produce documents responsive to Request Number 4 without Court intervention.  See Exhibit A - copies of the August 2nd and August e-mail communications.

14) In conversations with Defendants' counsel, it has been made clear to the undersigned that the documents responsive to Request Number 3 are being withheld for un-enumerated "security reasons" and will not be turned over.

15) Accordingly, based upon the facts set forth herein, the undersigned has made bona fide attempts to resolve the differences concerning the subject matter of the Motion to Compel, however, counsel have been unable to reach accord.

16) The above statements are based upon my personal knowledge.

By: _____
Stephen J. Brown (CT 26559)
Brown Raysman Millstein
Felder & Steiner, LLP
185 Asylum Street
CityPlace II, 10th Floor
Hartford, CT  06103
(860) 275-6410

Subscribed and Sworn to before me
this 15 day of August , 2005

_____
Notary Public
My Commission Expires 04/30/2009

# EXHIBIT A

## Brown, Stephen J.

| | |
|---|---|
| **From:** | Wittenbrink, Lynn D. [Lynn.Wittenbrink@po.state.ct.us] |
| **Sent:** | Tuesday, August 02, 2005 9:27 AM |
| **To:** | Brown, Stephen J.; Strom, Steven R. |
| **Cc:** | Pastore III, Joseph M.; Hamilton, Brenda |
| **Subject:** | RE: Bates v. Myers |

No we are not.

---

**From:** Brown, Stephen J. [mailto:SBrown@brownraysman.com]
**Sent:** Tuesday, August 02, 2005 9:18 AM
**To:** Strom, Steven R.; Wittenbrink, Lynn D.
**Cc:** Pastore III, Joseph M.; Hamilton, Brenda
**Subject:** RE: Bates v. Myers

We can definitely confer on this. Are you willing to provide any of the records short of a call to the Judge?

Stephen

> -----Original Message-----
> **From:** Strom, Steven R. [mailto:Steven.Strom@po.state.ct.us]
> **Sent:** Monday, August 01, 2005 4:18 PM
> **To:** Wittenbrink, Lynn D.; Brown, Stephen J.; Hamilton, Brenda; Pastore III, Joseph M.
> **Subject:** RE: Bates v. Myers
>
> Can we confer on this? Do you want to set up a time for Judge Smith? Do you want me to call?
>
> ---
>
> **From:** Wittenbrink, Lynn D.
> **Sent:** Friday, July 29, 2005 1:33 PM
> **To:** Brown, Stephen J.; Hamilton, Brenda; Pastore III, Joseph M.
> **Cc:** Strom, Steven R.
> **Subject:** Bates v. Myers
>
> I am in receipt of your letter dated July 28, 2005. If you intend to pursue discovery of Cap. Butler's employment records, you will need to address it before Judge Smith. Steve Strom has just gone to a meeting. When he gets this email, I trust he and I will confer regarding our schedules and get back to you. Lynn
>
> Lynn Wittenbrink
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT 06105
>
> Phone:  (860) 808-5450
> Fax:      (860) 808-5591
> URL:     http://www.cslib.org/attygenl

## Brown, Stephen J.

**From:**    Wittenbrink, Lynn D. [Lynn.Wittenbrink@po.state.ct.us]

**Sent:**    Friday, August 12, 2005 2:14 PM

**To:**      Brown, Stephen J.; Strom, Steven R.; Pastore III, Joseph M.; Hamilton, Brenda

**Subject:** RE: Earl Bates

Steve Strom and I have talked this over. We really don't think we can resolve this issue short of Judge Smith's involvment, and we have already had several good faith conferences with you about our discovery issues including this one. Steve Brown, are you available this afternoon for a quick call to Smith's chambers to see if we can schedule something for next week? Time grows short.

---

**From:** Brown, Stephen J. [mailto:SBrown@brownraysman.com]
**Sent:** Friday, August 12, 2005 12:04 PM
**To:** Strom, Steven R.; Pastore III, Joseph M.; Brown, Stephen J.; Hamilton, Brenda
**Cc:** Wittenbrink, Lynn D.
**Subject:** RE: Earl Bates

Steve,

We are available to speak Monday, 8/15 at 11 a.m. We remain interested in resolving the issues with you but point out that the pretrial conference scheduled by Judge Droney on 9/9/05 does not appear to be discovery related.

Stephen

>    -----Original Message-----
>    **From:** Strom, Steven R. [mailto:Steven.Strom@po.state.ct.us]
>    **Sent:** Friday, August 12, 2005 11:40 AM
>    **To:** Pastore III, Joseph M.; Brown, Stephen J.; Hamilton, Brenda
>    **Cc:** Wittenbrink, Lynn D.
>    **Subject:** Earl Bates
>
>    Are any of you available next week to speak to Magistrate Judge Smith about this case. I would like to see if we can take a shot at resolution, so as to avoid the pretrial conference scheduled for Judge Droney on 9/9/05. Please let me know what times work for you. I will be away on vacation from 8/22 to 9/6, so next week is our last best chance. Thank you.
>
>    Steven Strom
>    Attorney General's Office
>    110 Sherman Street
>    Hartford, CT 06105
>
>    Phone:  (860) 808-5450
>    Fax:     (860) 808-5591
>    email:   steven.strom@po.state.ct.us
>    URL:     http://www.cslib.org/attygenl

# EXHIBIT 3

depo.transc.butler.5.16.05.txt

```
19    Bates?
20        A    I don't understand your question.
21        Q    Have you ever had to take physical action
22    against Mr. Bates, other than this incident?
23             MS. WITTENBRINK:   Object to the form of the
24    question.
25             THE WITNESS:   Not that I recall.
0109
 1        Q    (By Mr. Brown)   Okay.  Have you ever had to
 2    physically restrain Mr. Bates?
 3        A    Not that I recall.
 4        Q    Have you physically ever restrained Mr. Bonner?
 5        A    Not that I recall.
 6        Q    Have you, in the course of your employment at
 7    the DOC, ever been reprimanded in any way for use of
 8    excessive force?
 9        A    Yes.
10        Q    How many times have you been reprimanded?
11        A    One.
12        Q    When did this occur?
13        A    At Northern.
14        Q    What year?
15        A    2004, '03.
16        Q    So after this incident?
17        A    Yes.
18        Q    Could you explain to me the nature of that
19    concern?
20        A    I was reprimanded for using chemical agents on
21    an inmate.
22        Q    And what led you to use the agent?
23        A    Inmate held the trap.
24        Q    Okay.  What was the name of that inmate that
25    you used the agent upon?
0110
 1        A    I don't recall.
 2        Q    Could you tell me why the inmate was holding
 3    the trap?
 4        A    I don't recall.
 5        Q    Were you -- were any other officers observing
 6    this occurrence?
 7        A    Yes.
 8        Q    How many?
 9        A    I don't know.
10        Q    What was the conclusion as to your reprimand?
11        A    It's going to be overturned.
12        Q    It's still pending?
13        A    Yes.
14        Q    The appeal is?
15        A    Oh yes.
16        Q    Okay.  How was the reprimand instigated?
17             MS. WITTENBRINK:   Object to the form of the
18    question.
19             THE WITNESS:   I don't understand that
20    question.
21        Q    (By Mr. Brown)   Who initiated reprimand?
22        A    Warden Myers.
23        Q    Warden Myers did?
24        A    (Nods head.)
25             THE COURT REPORTER:   Is that a yes, sir?
0111
 1             THE WITNESS:   Yes.
 2        Q    (By Mr. Brown)   How was warden Myers made aware
 3    of the occurrence?
```

Page 46

# EXHIBIT 4

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Earl Bates                                    :
                                                      3:02CV1098(CFD)
                                              :

Warden Myers, et al                :          JULY 1, 2005

## DEFENDANTS' LOG OF DOCUMENTS WITHHELD FROM DEFENDANTS' RESPONSE TO PLAINTIFF'S JUNE 7, 2005 DISCOVERY REQUEST

The defendants have objected to the production of documents on the basis that their

production may tend to jeopardize the safety and security of State of Connecticut Department of

Correction inmates, staff or facilities.   The following documents listed were in effect on the date

at issue in this matter, January 16, 2002.

1.    Cell Extraction Lesson Plan for Northern Correctional Institution

2.    Post Orders for Utility/Activity 1,2,3 Officer

3.    Post Orders for Unit Manager

4.    Post Orders for Recreation/Escort Officer

5.    Unit Directive 7.1.1 Key and Tool Control

6.    Unit Directive 7.4.1 Emergency Units

DEFENDANTS,
Warden Myers, et al


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

2

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following, first-class postage prepaid, on this 7th day of July 2005:

Stephen J. Brown
Brown Raysman Millstein Felder & Steiner-Htfd
CityPlace II
185 Asylum Street, 10th Floor
Hartford, CT 06103

Lynn D. Wittenbrink
Assistant Attorney General