# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------

| | |
|---|---|
| **EARL BATES** )<br>          **Plaintiff,** )<br> )<br>          **v.** )<br> )<br> )<br> )<br>**LARRY MYERS, THOMAS COATES,** )<br>**AND MAURICE BUTLER** )<br>          **Defendants.** )<br> )<br> )<br> )<br> ) | **CIVIL ACTION NO.**<br>**3:02 CV 1098 (CFD)**<br><br><br><br>**AUGUST 16, 2005** |

------------------------------------------------------

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## MOTION TO COMPEL DEFENDANTS DISCLOSURE
## OF REQUESTED DISCOVERY

## I.    INTRODUCTION

Pursuant to Rules 37(a)(2)(B) and 37(a)(3) of the Federal Rules of Civil

Procedure and Local Rule 37, Plaintiff, Mr. Earl Bates ("Plaintiff or "Mr. Bates") through

his *pro bono* counsel, moves this Court for an order compelling the State of Connecticut

Department of Corrections and its employees, defendants Warden Larry Myers, Major

Thomas Coates, and Captain Maurice Butler (collectively referred to as the

"Defendants") to disclose and to produce for inspection documents in response to

Plaintiff's Amended Document Request dated June 7, 2005 (the "Discovery Requests").

A true and accurate copy of the Discovery Requests is attached hereto as Exhibit A.

1

Defendants have produced various documentation in response to the Discovery

Requests.  However, good faith efforts by Plaintiff's counsel have failed successfully to

obtain production of the documentation detailed in Plaintiff's Motion to Compel dated

August 12, 2005 (the "Motion to Compel").  Plaintiff considers these documents relevant

and imperative to the upcoming trial of this civil rights action.  Defendants' cooperation

in discovery has not been adequate and has prevented Plaintiff from moving the case to

trial.  Specifically, Defendants rely upon implausible objections and assumed privileges.

On several occasions Defendants have stated that the requested documents are not in the

custody and/or control of the Defendants despite the fact that the Attorney General's

office is on the record as stating it represents the Department of Corrections and

Defendants in their official capacities.  Defendants continue to have refused to provide

documentation to several of Plaintiff's limited Requests.

## II.    BACKGROUND

This action arises as a result of an attack on Plaintiff by his cellmate at the

maximum-security Connecticut state prison known as Northern Correctional Institute.

See Plaintiff's Complaint dated June 17, 2002 and filed on June 24, 2002 (the

"Complaint") at 3.   In the Complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges

that his civil rights were violated when the Defendants knowingly and intentionally

caused Mr. Bates to be beaten by his cellmate, Mr. Dennis Bonner a/k/a Donnell Bay,

while Mr. Bates was restrained in handcuffs and unable to defend himself.  Complaint at

3 – 8.  Plaintiff brought the 42 U.S.C. § 1983 Civil Rights action against State of

Connecticut Department of Correction employees, Warden Larry Myers, Major Thomas

Coates, and Captain Maurice Butler.  Complaint at 2-3.  Plaintiff further alleges that

2

Defendants had prior notice of the problems with his cellmate prior to the incident and that Defendants failed to intervene and displayed a reckless disregard for Plaintiff's wellbeing. Complaint at 2. Plaintiff also alleges that Captain Maurice Butler in fact facilitated and encouraged the attack on Mr. Bates, thereby endangering his safety and life. Complaint at 4, 7.

The attack at issue in this action occurred on January 16, 2002. Complaint at 6. Mr. Bonner was being escorted back to cell 1W 212 by Defendant Butler and other correctional officers. Id. Mr. Bonner had been placed in separate-cell disciplinary custody on the previous day, January 15, 2002 for "holding the trap" in defiance of orders. At this time, Plaintiff made an attempt to prevent the placement of Bonner back in the cell because he feared for safety. Complaint at 6. Captain Butler refused Plaintiff's requests. Complaint at 7.

Mr. Bonner was then placed in the cell, the cell door was locked, and Mr. Bonner was released from restraints through the trap. Complaint at 7. Mr. Bonner then immediately attacked Mr. Bates while Mr. Bates remained restrained by handcuffs. Id.. It is Plaintiff's assertion that proper prison procedure was not followed and the attack was facilitated by the Defendants' action and corresponding failure to protect the Plaintiff. See generally, Complaint.

The undersigned counsel took this matter as *pro bono* counsel in January of this year, 2005. Plaintiff is no longer incarcerated and is currently residing in Bridgeport, Connecticut.

HARTFORD 125093v1

## A. Plaintiff's Document Request.

Plaintiff's counsel has served limited written discovery upon Defendants. The operative document request is titled Amended Document Request and is dated June 7, 2005. See Exhibit A. This Amended Document Request contains a total of **seven** (7) limited and narrowly tailored document requests.

The Amended Document Request was served pursuant to a discovery conference call with this Court on May 26, 2005. Initially, Plaintiff served a document request on Defendants and a Subpoena on the Keeper of the Records of Northern Correctional Facility due to the fact that Defendants' counsel maintained that Defendants did not have custody or control of the requested documents. On this call, the Attorney General's Office acknowledged that they in fact represented both the Department of Corrections and the Defendants in this action. Accordingly, the Court directed Plaintiff to produce one document request and for Defendants to respond to this request.

Plaintiff, through counsel, also noticed and deposed the three Defendants and a third-party witness, Nurse Hill.

## III.    ARGUMENT

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. See Saye v. Old Hill Partners, Inc., 3:03cv1071(DJS), 2004 U.S. Dist. LEXIS 24097 (D. Conn. 2004) (attached hereto). "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or tangible things…" Fed. R. Civ. P. 26(b)(1).

4

Rule 26 further states that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Rule 34(b) of the Federal Rules of Civil Procedure states, in relevant part, that the "party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested."

As detailed below, Plaintiff is seeking very limited discovery in this matter. Defendants have not adequately cooperated in the discovery process. See Affidavit of Counsel, Stephen J. Brown ("Aff.") at ¶¶ 12, 13, and 14 attached to the Motion to Compel as Exhibit 2. Defendants, through the Attorney General's Office have simply provided the familiar litany of objections and have failed to provide any applicable privileges that would prevent discovery. Defendants have also not provided a Privilege Log as required by Local Rule 37. Plaintiff provides the Requests below that Defendants have failed to cooperate with; states the relevance of each request; and provides Defendants objections in order for this Court to address Plaintiff's Motion to Compel:

## A.    PLAINTIFF'S REQUEST NUMBER 4

In the May 16, 2005 deposition of Defendant Butler, Defendant Butler testified that he had in fact been disciplined by the Department of Corrections for use of excessive force.[1]

---

[1] See May 16, 2005 Deposition Transcript page 46, line 9 attached hereto as Exhibit B.

Q:    Have you, in the course of your employment at the DOC, ever
      been reprimanded in any way for use of excessive force?

A:    Yes.

Defendant Butler was the unit manager of the cellblock at issue in this matter.
Defendant Butler actively supervised the return of Mr. Bonner to cell 1W 212 on January
16, 2002. Moreover, it is Plaintiff's position that Butler intentionally allowed Inmate
Bonner to attack the handcuffed Mr. Bates. Plaintiff has uncovered evidence of Butler's
sinister and vindictive handling of inmates. His Department of Corrections disciplinary
records are relevant and clearly bear on, or reasonably could lead to other matters that
could bear on the issues in this case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S.
340, 351 (1978).

Since the May 16, 2005 deposition, Plaintiff has attempted to obtain Defendant
Butler's Department of Corrections employment records, as limited in scope and
specifically tailored to lead to admissible evidence by Request number 4 of Plaintiff's
Amended Document Request.

Request Number 4 reads as follows:

> Any and all Department documents regarding Captain Maurice Butler's
> Department employment file that reference or pertain to negative
> employment reviews, grievances, administrative recommended transfers,
> requested transfers, administrative inquiries, reprimands, suspensions, and
> any disciplinary proceedings and appeals thereof brought against or
> otherwise involving Captain Butler during his entire employment with the
> Department, up and through the date of this Request.

HARTFORD 125093v1

The Defendants' objection to Request #4, as stated in Defendants' Objection To Amended Document Request Dated June 7, 2005, of which a true and accurate copy is attached hereto as Exhibit C, is as follows:

> The defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The defendants note that Captain Butler may have been involved in the discipline of other employees having nothing to do with even his own behavior. In addition, the defendants object on the basis of the defendant's privacy interest.

This Objection is void of any factual or legal basis for the withholding of the Defendant Butler's disciplinary records. The party resisting discovery bears the burden of demonstrating that its objections should be sustained. See Saye at *4. Additionally, "the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly brad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. citing Compagnie Francaise D'Assurnace Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984).

Defendants have failed to produce any documentation that is responsive to Request number 4 and have failed to state an adequate objection to the Request to this request in their June 9, 2005 Objections. Moreover, Defendants, through counsel, have categorically stated that they will not produce any documentation responsive to this Request without Court intervention.[2]   Plaintiff has made multiple and extensive good

---

[2] See Exhibit D attached hereto. This e-mail correspondence, dated August 2, 2005 from Attorneys Lynn. D. Wittenbrink and Steven R. Strom of the Attorney General's Office and Plaintiff's counsel Stephen J. Brown of Brown Rayman Millstein Felder & Steiner reads as follows:

HARTFORD 125093v1

faith attempts to confer regarding discovery in this matter and with regard to this particular Request. Defendants have repeatedly failed to produce information and documentation based upon arbitrary decisions by counsel, not supported by law and certainly not by any privileges. Despite these efforts by Plaintiff and Plaintiff's counsel, and *in fact due to* Defendants' non-cooperation, discovery in this matter proceeds at a snails pace. Amazingly, Defendants' continuously object to any discovery effort by Plaintiff on the grounds that the discovery is untimely despite the fact that it is Defendants resistance that has prolonged this matter unnecessarily.

Defendant Butler's records are relevant to this U.S.C § 1983 Civil Rights Action. Defendant Butler testified at his Deposition that he had in fact been disciplined by the Department of Corrections for use of excessive force. See Exhibit B. In this action, Plaintiff is alleging, *inter alia*, that Defendant Butler as a bad state actor, purposefully and intentionally subjected Plaintiff to be beaten by his cellmate and thereby deprived Plaintiff of his rights, privileges and immunities secured by the Constitution. See generally, Complaint. Defendant Butler is currently assigned to non-inmate population duties at the Department's Headquarters. Without access to Defendant's records, Plaintiff is unable to fully develop the subject matter at issue.

Defendants refute the discoverability of Defendant Butler's disciplinary records. See email from A.G.A. Steven R. Strom dated August 12, 2005 3:29 p.m. attached hereto

---

LYNN D. WITTENBRINK: "We are in receipt of your letter dated July 28, 2005. If you intend to pursue discovery of Cap. Butler's employment records, you will need to address it before Judge Smith...."
STEVEN R. STROM: "Can we confer on this? Do you want to set up a time for Judge Smith? Do you want me to call?"
STEPHEN J. BROWN: "We can definitely confer on this. Are you willing to provide any of the records short of a call to the Judge?"
LYNN D. WITTENBRINK: "No we are not."

as Exhibit E. The Attorney General's Office position is that the records are "obviously inadmissible under Rule 404(b) FRE". However, Defendants' counsel misunderstands, or at least, misstates the broad standard of discovery allowed under the Federal Rules. See Oppenheimer Fund, Inc., 437 U.S. at 351. Plaintiff is seeking discovery reasonably calculated to lead to admissible evidence.

Furthermore, Defendants counsel only selectively reads FRE 404(b) itself. In its relevant part, Rule 404(b) states the following:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...

Clearly, then, the Federal Rules allow for character evidence and employment records to be admitted in several instances. Additionally, the records are calculated to lead to further admissible evidence such as notice to the other Defendants, Myers and Coates, of Defendant Butler use of excessive force and/or brutal tactics. However, the proper method of determining those evidentiary issues is at an evidentiary hearing – not pre-trial discovery. Accordingly, Plaintiff is entitled to perform discovery into Defendant Butler's records as they reflect Department disciplinary actions due to the fact that review of the records may lead to admissible evidence.

Finally, Defendant Butler's records were subpoenaed by Plaintiff's counsel on May 24, 2005 and again in Plaintiff's Amended Document Request directed to both the Keeper of the Records for the State of Connecticut Department of Corrections and Defendants' Counsel, the Attorney General's Office, Division of Corrections (the "Subpoena"). This Subpoena complied with Chapter 563a of the Conn. Gen. Stat. § 31-

128f (Personnel Files). Also, the Request was specifically limited to only records

pertaining to disciplinary actions by the Department of Corrections against Defendant

Butler, and therefore minimizing privacy concerns. Finally, Plaintiff is open to

reasonable steps to limit the divulging of any sensitive information.

## B.     PLAINITFF'S REQUEST NUMBER 3

Request Number 3 of Plaintiff's June 7, 2005 Document Request seeks the

following:

> Any and all documents related to Northern Correctional Institution Staff
> Procedures and Policies in effect during November 1, 2001 and January
> 31, 2002 not already produced and related to staff conduct and staff
> procedures, including but not limited to post-orders, logs, directives, staff
> manuals, and staff training procedures as they specifically relate to the
> following:
>
>> a) inmate handling and custody-control procedures;
>>
>> b) inmate handcuffs and foot chains policy;
>>
>> c) inmate requests and grievances policy;
>>
>> d) procedure regarding transportation and return of inmates to cell;
>>
>> e) inmate housing transfer requests;
>>
>> f) policy regarding use of chemical agents by Prison Staff;
>>
>> g) policy regarding use of force by Prison Staff; and
>>
>> h) policy regarding a "Code Blue" call and response.

Defendants have objected to this Request as follows:

> The defendants object to this request as overly broad, unduly
> burdensome, and not reasonably calculated to lead to the discovery of
> admissible evidence. The defendants further object as compliance with
> this request may tend to jeopardize the safety and security of Department
> of Correction inmates, facilities and/or staff. The defendant note that "any
> and all documents related to Northern Correctional Institute Staff
> Procedures and Policies in effect...and related to staff conduct and staff
> procedures, including but not limited to post orders, logs, directives, staff
> manuals, and staff training procedures" remains a request so broad as to
> constitute an unfocused "fishing expedition" which should not be

10

countenanced. In addition, these documents will not assist the trier of fact or the Court to determine the ultimate issue in this case, which is whether the defendants acted in a manner violating the constitution. Without waving the foregoing objection, *the defendants note that they have provided some potentially relevant policies to the plaintiff and may produce more if they discovery some that are potentially relevant and that can be safely produced to the plaintiff.*"

(emphasis added).

This Objection is a fair example of the arrogance displayed by Defendants in their responses to Plaintiff' discovery. Plaintiff is entitled to every protection of the law and to fair discovery under Rule 26(b)(1). Defendants, through counsel, would have Plaintiff simply acquiesce to Defendants' interpretation of what is "potentially relevant" material and produce these materials only if the documents "can be safely produced to the plaintiff." Defendants' Objection to Request Number 3 sets forth no specific threat to security and does not show how the request is overly broad or a "fishing expedition."

The Northern Correctional Institute policies detailed in 3(a) through (h) are extremely relevant to the matter at hand. Plaintiff is alleging that Defendants did not follow procedures and purposefully allowed Plaintiff to be attacked. See Complaint at 4. Review of prison procedures is imperative for the trier of fact to determine whether this particular instance was done intentionally, or knowingly as alleged.

Accordingly, Plaintiff moves the Court to order Defendants to disclose and to produce the documents listed on Defendants' July 7, 2005 Log of Documents Withheld From Defendants' Responses To Plaintiff's June 7, 2005 Discovery Request, attached hereto as Exhibit F. Plaintiff has made multiple requests, both formal and informal, in a good faith effort to obtain these documents. Aff. at ¶ 9, 10, 11, and 15. These documents are relevant to the case at hand and instrumental to Plaintiff's full and fair case at trial.

11

Defendants' merely assert that "production of these documents may tend to jeopardize the safety and security of State of Connecticut Department of Correction inmates, staff or facilities."

Plaintiff is no longer incarcerated. Even still, Plaintiff, through the undersigned counsel, has offered to withhold disclosure of any security documents from Mr. Bates and any other outside persons. See Amended Document Request at 2. Defendants have refused. Defendants have also stated production of redacted versions of the documents is not feasible. Plaintiff's Requests are tailored to minimize any security issues, limited in scope, and are reasonably calculated to lead to admissible evidence. Accordingly, Defendants must be compelled to produce these documents in full, to produce the documents in redacted form, or at the very minimum to be made to detail the documents and to provide a satisfactory reason to this Court for withholding discovery.

## C.    REDACTED NAMES OF INMATES

On July 7, 2005, Defendants turned over further production pursuant to an earlier conference call with Plaintiff's counsel. Most of this production involves a prison Code Blue which occurred on January 15, 2002, the day immediately preceding the incident at issue in this case. In this incident, Mr. Bates' cellmate, Mr. Bonner, "held his trap" along with approximately ten other inmates on the cellblock. Defendants, however, have redacted all of the names of the other inmates referenced in the Incident Reports. Also, Defendants have redacted, at parts, the names of the Correctional Officers involved in the incident.

Mr. Bonner and the other inmates were pepper sprayed and removed to in-house solitary confinement. It was upon Mr. Bonner's return to the cell on January 16, 2002,

12

that he immediately attacked Mr. Bates. It is Plaintiff's contention, supported by Mr.

Bonner's deposition testimony, that the incident on January 15, 2002 was in part, the

reason for Bonner's aggression. Moreover, the January 15th incident may provide

information pertaining to the notice that the Defendants had with respect to problems

between Mr. Bates and Mr. Bonner. Also facts regarding the incident may likely

highlight the precautionary steps that Defendants failed to take in order to prevent any

subsequent retaliation by Bonner and Defendant Butler against Mr. Bates.

Because Defendants have redacted the names of all of the inmates involved in the

January 15, 2002 Code Blue, other than Mr. Bates and Mr. Bonner, Plaintiff is prevented

from discerning whether any of these inmates have valuable information or will be

possible witnesses at trial. Defendants have given no explanation for the reason for these

redactions, nor can there be any legitimate reason.

Accordingly, Plaintiff requests that Defendants be ordered to turn over unredacted

versions of the Incident Reports produced to Plaintiff on July 7, 2005.

## III.    CONCLUSION

Clearly, in the present case, the Defendants are not justified in failing to produce

the requested documentation. The documents sought by Plaintiff are not state secrets

and are not privileged. Plaintiff has offered to accept redacted versions of the various

documents but Defendants' counsel has stated that this impossible. It would be unjust to

allow Plaintiff's action to suffer at the hand of the State and the State's Attorney

General's Office.

In accordance with Fed. R. Civ. P. 37(a)(2)(B) and Local Rule 37, an affidavit of

counsel is attached to the Motion to Compel, certifying that counsel has contacted

opposing counsel and has been unsuccessful in good faith efforts to obtain responses

from the Plaintiff without the need for this Court's intervention.

Based upon the foregoing, Plaintiff respectfully moves this Court for an Order

compelling Defendants to respond immediately and completely to Plaintiff's Requests.

PLAINTIFF, EARL BATES

By: _____

    Joseph M. Pastore, III (CT 11431)
    Brenda M. Hamilton (CT 22683)
    Stephen J. Brown (CT 26559)
    Brown Raysman Millstein
       Felder & Steiner, LLP
    185 Asylum Street
    CityPlace II, 10th Floor
    Hartford, CT  06103
    (860) 275-6410

14

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Memorandum in Support of

Plaintiff's Motion to Compel was sent by first-class mail, postage prepaid and facsimile to

the following this 16th day of August 2005, to:

Lynn D. Wittenbrink, Esq.
Steven R. Strom, Esq.
ATTORNEY GENERAL'S OFFICE
State of Connecticut
110 Sherman Street
Hartford, Connecticut 06105
Attorney for the Defendants
Phone: 860-808-5450
Fax: 860-808-5591

Stephen J. Brown

HARTFORD 125093v1

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------

EARL BATES )
         Plaintiff, )
          )
         v. )      **CIVIL ACTION NO.**
          )      **3:02 CV 1098 (CFD)**
          )
          )
**LARRY MYERS, THOMAS COATES,** )
**AND MAURICE BUTLER** )
         **Defendants.** )
          )      **JUNE 7, 2005**
          )
          )

---------------------------------------------------------

## AMENDED DOCUMENT REQUEST

Plaintiff, Earl Bates ("Mr. Bates" or "Plaintiff") pursuant to this Court's

Teleconference Order on May 26, 2005 and in conjunction with the May 24, 2005

Subpoena *Duces Tecum* served by Plaintiff upon the State of Connecticut Department of

Corrections ("the Department") as well as Rule 34 of the Federal Rules of Civil

Procedure, hereby requests that the Department and each of the defendants Warden Larry

Myers, Major Thomas Coates, and Captain Thomas Butler (collectively referred to as the

"Defendants") produce for inspection and copying at the offices of Brown Raysman

Millstein Felder & Steiner LLP, CityPlace II, 10th Floor, 185 Asylum Street, Hartford,

CT, the originals (or copies if the originals are not available) of all of the following

documents and tangible things in the Department's and/or each of the Defendants'

possession, custody or control, or in the possession, custody or control of any of the

1

Department's and/or Defendants' agents, attorneys, representatives, or employer within the context of this 42 U.S.C. § 1983 action, within thirty (30) days of service hereof.

## I.    INSTRUCTIONS AND DEFINITIONS:

1.    These requests for production shall be continuing in nature. Amended answers will be required up to the date of the trial, if any, as supplemental or additional information is discovered.

2.    If a claim of privilege is asserted regarding any of the documents sought by Plaintiff, please:

>   a) Identify such information or document with sufficient information to allow the matter to be brought before the Court, if necessary;

>   b) State the nature of the privilege asserted; and

>   c) State the factual and/or legal basis for the claim of privilege.

3.    Plaintiff, through counsel, is willing to enter into a confidentiality agreement to protect any highly sensitive materials should the Department or the Defendants show cause and the parties' counsel reach a satisfactory accord.

4.    If any of these requests cannot be responded to in its entirety, after exercising sufficient efforts to locate the requested document(s), please respond to the request to the extent possible. Please indicate the basis for the limitation of your response, and provide whatever documentation you may have which may be responsive to that particular request.

5.    If, upon exercising sufficient effort required to locate the document, the Department or the Defendant cannot furnish the exact document requested, the

2

Department or Defendant should supply the requested information to the extent that it/he is able to do so.

      6.     As used herein, the term "the Department" means the State of Connecticut Department of Corrections and includes, but is not limited to any of the Department's agents, staff, personnel, employees, or State governmental departments or agencies of which the Department employs or otherwise controls, such that the person or entity acts on behalf of, or for the benefit of the Department.

      7.     As used herein, the term "Defendants" means Defendants Larry Myers, Thomas Coates, and Maurice Butler and includes, but is not limited to any of individual Defendant's agents, partners, associates, employees, employers, or organizations or State governmental departments of which any of the Defendants is or was previously a member or an employee, or any other person acting on behalf of Defendants.

      8.     As used herein, the term "identify" or "identification" when referring to a document means to state the date of the document, the author, the recipient of the document and the present or last known location and the name, business and home address and telephone number of the persons or entities having control or possession of such document or a copy of same. If any such document is no longer in your possession or control, please state the disposition made of it, the reason for such disposition, the date of such disposition, and its' present location and the name, business and home address and telephone number of the person(s) or entitles having such custody or control of the document, with sufficient particularity to enable Plaintiff to request its production.

      9.     As used herein, the term "document" means the original as well as any copy, regardless of the origin or location, of any typewritten, handwritten, printed or

recorded material, including, but not limited to book, pamphlet, periodical, letter, memoranda, telegram, report, record, study, note, draft, chart, paper, graph, index, tape, disk, date sheet, diary, calendar or any other written, recorded, transcribed punched, taped filmed or graphic matter to which you have or have had access or control.

      10.     A document will be deemed to be in your "control" if you have the right or the ability to secure the document or a copy of the document from another person or public or private entity having actual possession or control of the document.

      11.     Wherever it may be used herein, the masculine gender will be deemed to mean the feminine gender and vice versa, unless the context states otherwise. The singular shall be deemed to include the plural and vice versa. The present tense shall be deemed to include the past tense and vice versa and the word "or" whether it be used conjunctively or disjunctively, to bring within the scope of these document requests any information which might otherwise be looked upon as outside their scope.

      12.     As used herein, "this matter" shall refer to the civil action known as <u>Earl Bates v. Larry Myers, et al.</u>, 3:02 CV 1098 (CFD) which is pending before the United States District Court for the District of Connecticut.

      13.     "You" or "yours" refers to the Defendants upon whom this Document Request was served.

      14.     "Including" means "including, but not limited to".

      15.     "Refers" "references" or "referring" means to direct attention to, to pertain to, to apply to, to allude to, or to make mention of.

16.    "Staff" shall mean the Department of Corrections prison and inmate control staff and personnel.

17.    "Northern Correctional Institute" shall refer to the State prison facility in Somers, Connecticut.

18.    If not otherwise stated, the time period relevant to these document requests is from October 1, 2001 through January 31, 2002.

**II.    REQUESTS FOR PRODUCTION:**

The Plaintiff requests that the Deponent produce or make available for inspection and copying at the noticed deposition the following:

1.    Any and all Department of Corrections records of the Plaintiff in the Defendant's custody or control, intended to be used at trial or otherwise relevant to this matter, and not already produced to Plaintiff;

2.    All documents referencing, indicating or relating to the person or persons Defendants have interviewed as potential witnesses in this matter;

3.    Any and all documents related to Northern Correctional Institution Staff Procedures and Policies in effect during November 1, 2001 and January 31, 2002 not already produced and related to staff conduct and staff procedures, including but not limited to post-orders, logs, directives, staff manuals, and staff training procedures as they specifically relate to the following:

a) inmate handling and custody-control procedures;

b) inmate handcuffs and foot chains policy;

c) inmate requests and grievances policy;

d) procedure regarding transportation and return of inmates to cell;

e) inmate housing transfer requests;

f) policy regarding use of chemical agents by Prison Staff;

g) policy regarding use of force by Prison Staff; and

h) policy regarding a "Code Blue" call and response.

4.     Any and all Department documents regarding Captain Maurice Butler's Department employment file that reference or pertain to negative employment reviews, grievances, administrative recommended transfers, requested transfers, administrative inquiries, reprimands, suspensions, and any disciplinary proceedings and appeals thereof brought against or otherwise involving Captain Butler during his entire employment with the Department, up and through the date of this Request.

5.     Any and all video or audio recordings or tapes of Inmate Dennis Bonner, recorded on January 15th, 16th or 17th 2002 and not already produced.

6.     Any and all video or audio recordings or tapes of Inmate Earl Bates recorded on January 15th, 16th or 17th 2002.

7.     Any and all documents initiated by or written by or concerning Dennis Bonner, including, but not limited to Inmate Grievance Forms, Inmate Request Forms, Disciplinary Process Summary Reports from the period of June 1, 2001 to June 30, 2002.

6

8.    Complete two-sided copies of any and all Inmate Grievance Forms and Inmate Requests initiated by or written by or concerning Earl Bates from the period of October 2001 through March 2002.

PLAINTIFF, EARL BATES

By: _____
      Joseph M. Pastore, III (CT 11431)
      Brenda M. Hamilton (CT 22683)
      Stephen J. Brown (CT 26559)
      Brown Raysman Millstein
         Felder & Steiner, LLP
      185 Asylum Street
      CityPlace II, 10th Floor
      Hartford, CT 06103
      (860) 275-6410

HARTFORD 121727v1

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and first-class mail, postage prepaid to the following this 7th day of June 2005:

Lynn D. Wittenbrink, Esq.
Steven R. Strom, Esq.
ATTORNEY GENERAL'S OFFICE
State of Connecticut
110 Sherman Street
Hartford, Connecticut 06105
Attorney for the Defendants
Phone: 860-808-5450
Fax: 860-808-5591

Stephen J. Brown

8

Department of Corrections
Lynn D. Wittenbrink
June 7, 2005
Page 3

Mr. Earl Bates
53 Avon Street
Milford, CT 06460

06/07/05  20:50 FAX 860 275 ●3          BROWN RAYSMAN ET AL          ☑001

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO              1671
CONNECTION TEL                 97638651
SUBADDRESS
CONNECTION ID
ST. TIME              06/07 20:48
USAGE T               02'47
PGS. SENT               11
RESULT                OK
```

# BR●WN RAYSMAN

**BROWN RAYSMAN MILLSTEIN FELDER & STEINER** LLP

# FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| **From:** | Stephen J. Brown | **Date:** | June 7, 2005 |
| **Direct Dial:** | 860-275-6438 | **Client/Matter #:** | |

## PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | **Recipient** | **Company** | **Fax No.** | **Phone No.** |
|---|---|---|---|---|
| 1. | Keeper of Records | Northern Correctional Institution | (860) 763-8651 | |

Total number of pages including this page: ⚞ 11
If you do not receive all the pages, please call  **(860) 275-6400.**

**Message:**

SEE ATTACHED

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1672
CONNECTION TEL                 98085591
SUBADDRESS
CONNECTION ID         AG PUBLIC SAFETY
ST. TIME              06/07 20:51
USAGE T               01'20
PGS. SENT               11
RESULT                OK
```

# BR**O**WN RAYSMAN

### BROWN RAYSMAN MILLSTEIN FELDER & STEINER⊔

# FACSIMILE COVER SHEET

| | | | |
|---|---|---|---|
| From: | Stephen J. Brown | Date: | June 7, 2005 |
| Direct Dial: | 860-275-6438 | Client/Matter #: | |

## PLEASE DELIVER AS SOON AS POSSIBLE TO:

| | Recipient | Company | Fax No. | Phone No. |
|---|---|---|---|---|
| 1. | Lynn D. Wittenbrink, Esq. | Attorney General's Office | (860) 808-5591 | |

Total number of pages including this page: **1** 11

If you do not receive all the pages, please call **(860) 275-6400.**

Message:

SEE ATTACHED

# EXHIBIT B

depo.transc.butler.5.16.05.txt

```
19   Bates?
20      A   I don't understand your question.
21      Q   Have you ever had to take physical action
22   against Mr. Bates, other than this incident?
23             MS. WITTENBRINK:  Object to the form of the
24   question.
25             THE WITNESS:  Not that I recall.
0109
 1      Q   (By Mr. Brown)  Okay.  Have you ever had to
 2   physically restrain Mr. Bates?
 3      A   Not that I recall.
 4      Q   Have you physically ever restrained Mr. Bonner?
 5      A   Not that I recall.
 6      Q   Have you, in the course of your employment at
 7   the DOC, ever been reprimanded in any way for use of
 8   excessive force?
 9      A   Yes.
10      Q   How many times have you been reprimanded?
11      A   One.
12      Q   When did this occur?
13      A   At Northern.
14      Q   What year?
15      A   2004, '03.
16      Q   So after this incident?
17      A   Yes.
18      Q   Could you explain to me the nature of that
19   concern?
20      A   I was reprimanded for using chemical agents on
21   an inmate.
22      Q   And what led you to use the agent?
23      A   Inmate held the trap.
24      Q   Okay.  What was the name of that inmate that
25   you used the agent upon?
0110
 1      A   I don't recall.
 2      Q   Could you tell me why the inmate was holding
 3   the trap?
 4      A   I don't recall.
 5      Q   Were you -- were any other officers observing
 6   this occurrence?
 7      A   Yes.
 8      Q   How many?
 9      A   I don't know.
10      Q   What was the conclusion as to your reprimand?
11      A   It's going to be overturned.
12      Q   It's still pending?
13      A   Yes.
14      Q   The appeal is?
15      A   Oh yes.
16      Q   Okay.  How was the reprimand instigated?
17             MS. WITTENBRINK:  Object to the form of the
18   question.
19             THE WITNESS:  I don't understand that
20   question.
21      Q   (By Mr. Brown)  Who initiated reprimand?
22      A   Warden Myers.
23      Q   Warden Myers did?
24      A   (Nods head.)
25             THE COURT REPORTER:  Is that a yes, sir?
0111
 1             THE WITNESS:  Yes.
 2      Q   (By Mr. Brown)  How was warden Myers made aware
 3   of the occurrence?
```