# EXHIBIT C

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Earl Bates                              :
                                        :        3:02CV1098(CFD)
                                        :

Warden Myers, et al                     :        JUNE 9, 2005

**DEFENDANTS' OBJECTIONS TO AMENDED DOCUMENT REQUEST DATED**

**JUNE 7, 2005[1]**

## I.    General Objections

In addition to the objections set forth below, the defendants generally object to all of the

plaintiff's Production Requests dated June 7, 2005. Defendants note that this matter was

considered trial ready when new counsel was appointed for the plaintiff. In fact, the matter had

been put down for jury selection, trial memoranda including witness and exhibits lists, as well as

the exhibits themselves, had all been exchanged, discovery had been conducted and the

discovery period expired all before counsel for the plaintiff was appointed. The undersigned

counsel for the defendants nonetheless agreed to a limited number of depositions. Defendants

agreed to depositions recognizing that *pro se* inmate plaintiffs are not generally able to conduct

depositions. Defense counsel never agreed, however, to re-open written discovery, and in fact

during several conferences with plaintiff's appointed counsel noted that broad production

requests would not be agreed to by defendants.

---

[1]    After a conference with the Court and several communications between counsel for the
parties, plaintiff has filed a single "Amended Document Request" dated June 7, 2005. Counsel
for the defendants has been assured that they are no longer obligated to respond to the previous
requests, and that this request takes the place of the previous requests.

Nonetheless, the procedural position of this case, plaintiff's counsel waited nearly three months after their appointment and then, without ever conferring with defense counsel regarding the nature of their discovery requests, issued broad and largely objection requests. Various discussions followed, culminating in this June 7, 2005 request. Nonetheless, the production requests are generally out of time and should not be countenanced on that basis. Moreover, plaintiff's counsel took the opportunity of recasting their requests into one production request to ADD new requests, well beyond the deadline for discovery in this matter!

WHEREFORE, defendants generally object to plaintiff's June 7, 2005 Production Requests as untimely. Without waiving the foregoing objection, defendants note that they have provided some documents to plaintiff's counsel that are responsive to plaintiff's April 25, 2005 requests, and, additional documents may be provided if located and if not withheld due to privilege or for security reasons. In addition, defendants note specific objections to specific requests below.

## II.    Specific Objections

The defendants file their objections in correspondingly numbered paragraphs:

### 1.    Request

Any and all Department of Correction records of the plaintiff in the defendants' custody or control, intended to be used at trial or otherwise relevant to this matter, and not already produced to Plaintiff.

### Response:

Previously produced.

**2.    Request**

All documents referencing, indicating or relating to the person or persons Defendants have interviewed as potential witnesses in this matter.

**Response:**

The defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information.  In addition, the defendants object as this request seeks attorney work product and/or material prepared in anticipation of litigation.   Further objection: The production of other documents related to Bonner may tend to jeopardize the safety and security of Department of Correction inmates, facilities, and/or staff members, is confidential, is privileged, and the production of rap sheets and Pre-Sentence Investigation Reports is prohibited by law, as is the production of certain other personal information.  Without waiving the foregoing objections, the defendants note that the plaintiff's alleged assailant in this matter, Dennis Bonner, aka Donnell Bay, has been deposed by both parties and documents related to inmate Bonner have been produced.  If not already produced, Bonner's "housing card(s)" may also be produced as within the scope of this request.

**3.    Request:**

Any and all documents relating to the Northern Correctional Institution's Staff Procedures and Policies in effect during Nov. 1, 2001 and January 31, 2002 not already produced and related to staff conduct and staff procedures, including but not limited to post-orders, logs, directives, staff manuals, and staff training procedures as they specifically relate to the following:
   a) inmate handling and custody-control procedures;
   b) inmate handcuffs and foot chains policy;
   c) inmate requests and grievances policy;
   d) procedure regarding transportation and return of inmates to cell;
   e) inmate housing transfer requests;
   f) policy regarding use of chemical agents by prison Staff;
   g) policy regarding use of force by prison staff; and

3

h) policy regarding a "Code Blue" call and response.

**Response:**

The defendants object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The defendants further object as compliance with this request may tend to jeopardize the safety and security of Department of Correction inmates, facilities and/or staff. The defendants note that "any and all documents related to Northern Correctional Institution Staff Procedures and Policies in effect … and related to staff conduct and staff procedures, *including but not limited to* post orders, logs, directives, staff manuals, and staff training procedures" remains a request so broad as to constitute an unfocused "fishing expedition" which should not be countenanced. In addition, these documents will not assist the trier of fact or the Court to determine the ultimate issue in this case, which is whether the defendants acted in a manner violating the constitution. Without waving the foregoing objection, the defendants note that they have provided some potentially relevant policies to the plaintiff and may produce more if they discover some that are potentially relevant and that can be safely produced to the plaintiff.

4.    **Request**

Any and all Department of Correction documents regarding Captain Maurice Butler's Department employment file that reference or pertain to negative employment reviews, grievances, administrative recommended transfers, requested transfers, administrative inquiries, reprimands, suspensions, and any disciplinary proceedings and appeals thereof brought against or otherwise involving Captain Butler during his entire employment with the Department, up to and through the date of the Request.

4

**Response:**

The defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The defendants note that Captain Butler may have been involved in the discipline of other employees having nothing to do with even his own behavior. In addition, the defendants object on the basis of the defendant's privacy interest.

**5. Request**

Any and all video or audio recordings or tapes if inmate Dennis Bonner, recorded on January 15, 16th or 17th and not already previously produced.

**Response:**

The defendants object to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**6. Request**

Any and all video or audio recordings or tapes of Inmate Earl Bates recorded on January 15th, 16th, or 17th and not already produced.

**Response:**

The defendants object to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**7. Request**

Any and all documents initiated by or written by or concerning Dennis Bonner, including but not limited to Inmate Grievance Forms, Inmate Request Forms, Disciplinary Process Summary Reports from the period of June 1, 2001 to June 30, 2002.

5

**Response:**

The defendants object to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the defendants object as disclosure of some of this requested information may tend to jeopardize the safety and security of correctional staff, facilities and/or inmates. In addition the defendants object as some of these documents are confidential or privileged or their disclosure protected by statute. Without waiving the foregoing objections, the defendants note that some of these documents have already been produced and others will be reviewed to determine whether their production is warranted.

**8. Request**

Complete two-sided copies of any and all Inmate Grievance Forms and Inmate Requests initiated by or written by or concerning Earl Bates from the period of October 2001 through March 2002.

**Response:**

The defendants object to the request for grievance forms and/or requests "concerning Earl Bates" as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. In addition, defendants object as some of these documents may be confidential and/or privileged. Without waiving the foregoing objections, the defendants note that some of these documents have already been produced and others will be reviewed to determine whether their production is warranted.

6

DEFENDANTS,
Warden Myers, et al


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:

Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following, first-class

postage prepaid, on this 9th day of June 2005:

Stephen J. Brown
Brown Raysman Millstein Felder & Steiner-Htfd
CityPlace II
185 Asylum Street, 10th Floor
Hartford, CT 06103

Lynn D. Wittenbrink
Assistant Attorney General

JUN 1 : 2005

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Earl Bates                          :
                                         3:02CV1098(CFD)
                                    :

Warden Myers, et al                 :       JULY 7, 2005

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO AMENDED DOCUMENT REQUEST DATED JUNE 7, 2005

The defendants hereby supplement their response to the June 7, 2005 discovery request listing only those requests to which additional response is noted.

### 2.    Request

All documents referencing, indicating or relating to the person or persons Defendants have interviewed as potential witnesses in this matter.

### Response:

The defendants object to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. In addition, the defendants object as this request seeks attorney work product and/or material prepared in anticipation of litigation. Further objection: The production of other documents related to Bonner may tend to jeopardize the safety and security of Department of Correction inmates, facilities, and/or staff members, is confidential, is privileged, and the production of rap sheets and Pre-Sentence Investigation Reports is prohibited by law, as is the production of certain other personal information. Without waiving the foregoing objections, the defendants note that the

plaintiff's alleged assailant in this matter, Dennis Bonner, aka Donnell Bay, has been deposed by

both parties and documents related to inmate Bonner have been produced.

**Without waiving the foregoing objections, the defendants hereby produce limited**

**information regarding inmate Dennis Bonner, aka Donnell Bay, including all Disciplinary**

**Reports ever received during the time period requested as well as one additional, his RT 60**

**and 67 screen, and other preliminary Inmate Master File documents as well as Northern**

**documents including his housing card.**

3.    **Request:**

Any and all documents relating to the Northern Correctional Institution's Staff
Procedures and Policies in effect during Nov. 1, 2001 and January 31, 2002 not
already produced and related to staff conduct and staff procedures, including but
not limited to post-orders, logs, directives, staff manuals, and staff training
procedures as they specifically relate to the following:
     a)  inmate handling and custody-control procedures;
     b)  inmate handcuffs and foot chains policy;
     c)  inmate requests and grievances policy;
     d)  procedure regarding transportation and return of inmates to cell;
     e)  inmate housing transfer requests;
     f)  policy regarding use of chemical agents by prison Staff;
     g)  policy regarding use of force by prison staff; and
     h)  policy regarding a "Code Blue" call and response.

**Response:**

The defendants object to this request as overly broad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence.  The defendants further

object as compliance with this request may tend to jeopardize the safety and security of

Department of Correction inmates, facilities and/or staff.  The defendants note that "any and all

documents related to Northern Correctional Institution Staff Procedures and Policies in effect ...

2

and related to staff conduct and staff procedures, *including but not limited to* post orders, logs, directives, staff manuals, and staff training procedures" remains a request so broad as to constitute an unfocused "fishing expedition" which should not be countenanced. In addition, these documents will not assist the trier of fact or the Court to determine the ultimate issue in this case, which is whether the defendants acted in a manner violating the constitution.

**Without waiving the foregoing objections, the defendants hereby produce the following: Northern Unit Directives 2.20.1, 2.17.1, 2.7.1, 6.6.1, 9.4.1, 9.6.1,**

**Post Orders for all major positions at Northern,**

**Incident Report Package for 1/15/02**

**Northern Correctional Institution In-Cell Placement Procedures**

**Redacted Grievance Logs**

**Log Books (pending agreement between the parties re client copies)**

### 5.    Request

Any and all video or audio recordings or tapes if inmate Dennis Bonner, recorded on January 15, 16th or 17th and not already previously produced.

### Response:

The defendants object to this request as not reasonably calculated to lead to the discovery of admissible evidence.

**Without waiving the foregoing objection, the defendants have a video of inmate Dennis Bonner recorded on January 15, 2002, which is available at the Office of the Attorney General for plaintiff's inspection and review.**

DEFENDANTS,
Warden Myers, et al

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:    _Lynn D. Wittenbrink_
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following, first-class postage prepaid, on this 7 day of July 2005:

Stephen J. Brown
Brown Raysman Millstein Felder & Steiner-Htfd
CityPlace II
185 Asylum Street, 10th Floor
Hartford, CT 06103

Lynn D. Wittenbrink
Assistant Attorney General

# EXHIBIT D

## Brown, Stephen J.

**From:**    Wittenbrink, Lynn D. [Lynn.Wittenbrink@po.state.ct.us]
**Sent:**    Tuesday, August 02, 2005 9:27 AM
**To:**      Brown, Stephen J.; Strom, Steven R.
**Cc:**      Pastore III, Joseph M.; Hamilton, Brenda
**Subject:** RE: Bates v. Myers

No we are not.

---

**From:** Brown, Stephen J. [mailto:SBrown@brownraysman.com]
**Sent:** Tuesday, August 02, 2005 9:18 AM
**To:** Strom, Steven R.; Wittenbrink, Lynn D.
**Cc:** Pastore III, Joseph M.; Hamilton, Brenda
**Subject:** RE: Bates v. Myers

We can definitely confer on this. Are you willing to provide any of the records short of a call to the Judge?

Stephen

> -----Original Message-----
> **From:** Strom, Steven R. [mailto:Steven.Strom@po.state.ct.us]
> **Sent:** Monday, August 01, 2005 4:18 PM
> **To:** Wittenbrink, Lynn D.; Brown, Stephen J.; Hamilton, Brenda; Pastore III, Joseph M.
> **Subject:** RE: Bates v. Myers
>
> Can we confer on this? Do you want to set up a time for Judge Smith? Do you want me to call?
>
> ---
>
> **From:**    Wittenbrink, Lynn D.
> **Sent:**    Friday, July 29, 2005 1:33 PM
> **To:**      Brown, Stephen J.; Hamilton, Brenda; Pastore III, Joseph M.
> **Cc:**      Strom, Steven R.
> **Subject:** Bates v. Myers
>
> I am in receipt of your letter dated July 28, 2005. If you intend to pursue discovery of Cap. Butler's employment records, you will need to address it before Judge Smith. Steve Strom has just gone to a meeting. When he gets this email, I trust he and I will confer regarding our schedules and get back to you. Lynn
>
> Lynn Wittenbrink
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT 06105
>
> Phone:  (860) 808-5450
> Fax:    (860) 808-5591
> URL:    http://www.cslib.org/attygenl

# EXHIBIT E

## Brown, Stephen J.

**From:** Strom, Steven R. [Steven.Strom@po.state.ct.us]
**Sent:** Friday, August 12, 2005 3:29 PM
**To:** Brown, Stephen J.; Wittenbrink, Lynn D.; Pastore III, Joseph M.; Hamilton, Brenda
**Cc:** Wittenbrink, Lynn D.
**Subject:** RE: Earl Bates

What is the basis for your claim that an employee's disciplinary record or report is admissible or likely to lead to admissible evidence, since it is obviously inadmissible under Rule 404(b) FRE? Further, the purpose of our call is to avoid the further costs and burdens of litigation in a case where the only injuries are extremely minor and totally superficial. It is our intention to ask Judge Smith for a settlement conference to see if all of this unnecessary work can be avoided.

    .

---

**From:** Brown, Stephen J. [mailto:SBrown@brownraysman.com]
**Sent:** Friday, August 12, 2005 2:51 PM
**To:** Wittenbrink, Lynn D.; Brown, Stephen J.; Strom, Steven R.; Pastore III, Joseph M.; Hamilton, Brenda
**Subject:** RE: Earl Bates

Lynn and Steve,

We understand this is your position. We do not feel a call to the Judge is the proper course of action here. Given the need for this information, we will be filing a motion to compel in accordance with FRCP 37.

Should you still desire to speak with Judge Smith, we will participate in a call next week. However, we will be filing such that Judge Smith has the papers prior to any call.

Stephen

-------------------------------------------------------------------------------
**From:** Wittenbrink, Lynn D. [mailto:Lynn.Wittenbrink@po.state.ct.us]
**Sent:** Friday, August 12, 2005 2:14 PM
**To:** Brown, Stephen J.; Strom, Steven R.; Pastore III, Joseph M.; Hamilton, Brenda
**Subject:** RE: Earl Bates

Steve Strom and I have talked this over. We really don't think we can resolve this issue short of Judge Smith's involvment, and we have already had several good faith conferences with you about our discovery issues including this one. Steve Brown, are you available this afternoon for a quick call to Smith's chambers to see if we can schedule something for next week? Time grows short.

---

**From:** Brown, Stephen J. [mailto:SBrown@brownraysman.com]
**Sent:** Friday, August 12, 2005 12:04 PM
**To:** Strom, Steven R.; Pastore III, Joseph M.; Brown, Stephen J.; Hamilton, Brenda
**Cc:** Wittenbrink, Lynn D.
**Subject:** RE: Earl Bates

8/15/2005

Steve,

We are available to speak Monday, 8/15  at 11 a.m.  We remain interested in resolving the issues with you but point out that the pretrial conference scheduled by Judge Droney on 9/9/05 does not appear to be discovery related.

Stephen

> -----Original Message-----
> **From:** Strom, Steven R. [mailto:Steven.Strom@po.state.ct.us]
> **Sent:** Friday, August 12, 2005 11:40 AM
> **To:** Pastore III, Joseph M.; Brown, Stephen J.; Hamilton, Brenda
> **Cc:** Wittenbrink, Lynn D.
> **Subject:** Earl Bates
>
> Are any of you available next week to speak to Magistrate Judge Smith about this case. I would like to see if we can take a shot at resolution, so as to avoid the pretrial conference scheduled for Judge Droney on 9/9/05. Please let me know what times work for you. I will be away on vacation from 8/22 to 9/6, so next week is our last best chance. Thank you.
>
> Steven Strom
> Attorney General's Office
> 110 Sherman Street
> Hartford, CT 06105
>
> Phone:  (860) 808-5450
> Fax:      (860) 808-5591
> email:    steven.strom@po.state.ct.us
> URL:      http://www.cslib.org/attygenl

# EXHIBIT F

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Earl Bates                                   :
                                             3:02CV1098(CFD)
                                             :

Warden Myers, et al                          :        JULY 1, 2005

## DEFENDANTS' LOG OF DOCUMENTS WITHHELD FROM DEFENDANTS' RESPONSE TO PLAINTIFF'S JUNE 7, 2005 DISCOVERY REQUEST

The defendants have objected to the production of documents on the basis that their

production may tend to jeopardize the safety and security of State of Connecticut Department of

Correction inmates, staff or facilities.   The following documents listed were in effect on the date

at issue in this matter, January 16, 2002.

1.     Cell Extraction Lesson Plan for Northern Correctional Institution

2.     Post Orders for Utility/Activity 1,2,3 Officer

3.     Post Orders for Unit Manager

4.     Post Orders for Recreation/Escort Officer

5.     Unit Directive 7.1.1  Key and Tool Control

6.     Unit Directive 7.4.1  Emergency Units

DEFENDANTS,
Warden Myers, et al


RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Lynn D. Wittenbrink
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct08575
lynn.wittenbrink@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

2

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following, first-class postage prepaid, on this 7th day of July 2005:

Stephen J. Brown
Brown Raysman Millstein Felder & Steiner-Htfd
CityPlace II
185 Asylum Street, 10th Floor
Hartford, CT 06103

Lynn D. Wittenbrink
Assistant Attorney General

LEXSEE 2004 U.S.DIST. LEXIS 24097

**JEFFREY SAYE, Plaintiff, v. OLD HILL PARTNERS, INC., Defendant.**

**No. 3:03CV1071(DJS)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

*2004 U.S. Dist. LEXIS 24097*

**December 1, 2004, Decided**

**PRIOR HISTORY:** *Saye v. Old Hill Partners, Inc., 2004 U.S. Dist. LEXIS 17373 (D. Conn., Aug. 31, 2004)*

**DISPOSITION:** OHP's motion to quash the subpoenas granted in part and denied in part. OHP's motion to extend discovery deadline and deadline for dispositive motions granted. OHP's motion for leave to take additional depositions granted.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Jeffrey M. Saye, Plaintiff: Brian P. Daniels, David R. Schaefer, Rowena Amanda Moffett, Brenner, Saltzman & Wallman, New Haven, CT.

Martin E. Karlinsky, Katten, Muchin, Zavis & Rosenman, New York, NY.

For Old Hill Partners Inc, Defendant: A. Robert Fischer, Daniel Green, Jackson Lewis LLP, Stamford, CT.

Travis M. Pauley, Old Hill Partners, Darien, CT.

For Old Hill Partners Inc, Counter Claimant: A. Robert Fischer, Daniel Green, Jackson Lewis LLP, Stamford, CT.

Travis M. Pauley, Old Hill Partners, Darien, CT.

For Jeffrey M. Saye, Counter Defendant: David R. Schaefer, Brenner, Saltzman & Wallman, New Haven, CT.

**JUDGES:** DOMINIC J. SQUATRITO, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** DOMINIC J. SQUATRITO

**OPINION:**

**MEMORANDUM OF DECISION AND ORDER**

Plaintiff, Jeffrey Saye, asserts five claims against defendant, Old Hill Partners, Inc. ("OHP"), seeking a declaration of his rights under certain contracts pertaining to his former employment with OHP and damages for OHP's alleged breach of these contracts. Several motions relating to discovery are pending in the above-captioned matter: (1) OHP's motion to quash the subpoenas served upon Bear Stearns & Co., Inc. and [*2] Nomura Securities International, Inc. (dkt. # 106); (2) OHP's motion to quash the subpoena served upon Sarah Howe (dkt. # 108); (3) OHP's motion to quash the subpoena served upon OHP and for a protective order (dkt. # 110); (4) OHP's motion to quash the subpoena served upon BDO Seidman, LLP (dkt. # 114); (5) OHP's motion to extend discovery deadline and deadline for dispositive motions (dkt. # 116); (6) OHP's motion for leave to take additional depositions (dkt. # 117); and (7) OHP's motion to quash the subpoena served upon Commercial Money Center (dkt. # 119).

**I. BACKGROUND**

This lawsuit arises from the termination of Saye's employment relationship with OHP. Saye, a citizen of California, has been employed in "the investment and hedge fund industry, and was principally involved in analyzing and selecting bond positions for investment funds." (Compl., P7). OHP is a corporation organized in Delaware with its principal place of business in Darien, Connecticut. OHP "serves as an unregistered investment advisor, a hedge fund manager, and as the general partner of certain investment funds." (Id., P6). Saye commenced employment as a fund manager at OHP as of February 1, 2000. [*3]

Saye's employment with OHP ended on March 31, 2002. According to Saye, this event triggered certain vested rights Saye held pursuant to the two agreements with OHP. Saye claims that, under the terms of these


agreements, OHP must compensate him for a 15% ownership interest in OHP.

OHP asserts counterclaims against Saye. OHP claims that Saye violated the terms of a Confidentiality and Non-Compete Agreement between the parties by, prior to leaving his employment with OHP, using OHP's proprietary information, including information allegedly protected as trade secrets under the *Connecticut Uniform Trade Secrets Protection Act, to* arrange an investment and employment opportunity for a competitor of OHP for his own benefit. Further, OHP claims that Saye recorded the value of bonds he purchased as the fund manager at unrealistically high prices in order to artificially enhance his performance. OHP contends that Saye's actions breached his duty of loyalty and fiduciary responsibilities to OHP.

## II. DISCUSSION

*Rule 26 of the Federal Rules of Civil Procedure* governs the scope of discovery. Specifically, "parties may obtain discovery regarding any [*4] matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." *Fed. R. Civ. P. 26(b)(1)*. As a general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing *Herbert v. Lando, 441 U.S. 153, 177, 60 L. Ed. 2d 115, 99 S. Ct. 1635 (1979)*). A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)*; see *Hickman v. Taylor, 329 U.S. 495, 501, 91 L. Ed. 451, 67 S. Ct. 385 (1947)*; *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230, 236 (2d Cir. 1985)*.

"A court can limit discovery if it determines, among other things, that the discovery is: (1) unreasonably cumulative or duplicative; (2) obtainable from another source that is more convenient, less burdensome, or less expensive; [*5] or (3) the burden or expense of the proposed discovery outweighs its likely benefit." *Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002)* (citing *Fed. R. Civ. P. 26(b)(2)*). The party resisting discovery bears the burden of demonstrating that its objections should be sustained, and

> pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request

must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.

*Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996)*. The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)*. Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery [*6] rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

Prior to applying this standard to the motions now pending before the court, the court will address the certification requirement of Local Rule 37(a)(2), which states, in pertinent part, that

> no motion pursuant to *Rules 26 through 37, Fed. R. Civ. P.*, shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution.

D. Conn. L. R. Civ. 37(a)(2). Saye contends that OHP failed to comply with this requirement when it filed motions for relief under *Rule 45* without the Local Rule 37 certification and requests that the court deny OHP's noncompliant motions.

The court will not deny OHP's pending motions on this basis because Local Rule 37 does not expressly state that certification must be provided [*7] when seeking relief under *Rule 45*. The court, however, notes that although the letter of the law does not require certification, plaintiff's interpretation is more faithful to the spirit of the rule and the purpose for the rule. As such, all discovery motions filed henceforth in this matter, including motions to quash under *Rule 45*, must demonstrate compliance with Local Rule 37(a)(2).

1. OHP'S MOTION TO QUASH SUBPOENAS SERVED UPON BEAR STEARNS & CO., INC. AND NOMURA SECURITIES INTERNATIONAL, INC. (DKT. # 106)

Pursuant to *Rule 45 of the Federal Rules of Civil Procedure*, OHP seeks to quash the subpoenas issued to Bear Stearns & Co., Inc. ("Bear Stearns") and Nomura Securities International, Inc. ("Nomura") on September 15, 2004 and September 16, 2004, respectively.

The subpoena issued to Bear Stearns seeks "all monthly or periodic account statements for accounts, and correspondence pertaining to the accounts, maintained with Bear Stearns & Co., Inc., of Footbridge Limited Trust, FLT Opportunity Fund, or any other common investment or hedge fund managed by Old Hill Partners, Inc., during the period from February 1, 2000 through and including [*8] March 31, 2002," and "all monthly or periodic account statements for accounts, and correspondence pertaining to the accounts, maintained with Bear Stearns & Co., Inc., of Old Hill Partners, Inc., during the period from February 1, 2000 through and including March 31, 2002." (Dkt. # 106, Ex. B, Sched. A). OHP argues that this request does not comply with the court's order on the same subject, which required that any subpoena served upon Bear Stearns should be limited to the time period when Saye worked for OHP and to the specific accounts Saye worked on.

OHP's motion is granted with respect to the subpoena served upon Bear Stearns. The court's previous order does not permit a general request for records regarding all accounts OHP maintained with Bear Stearns; the request must be limited to accounts Saye worked on. If Saye is unsure about the specific accounts or terminology used to refer to these accounts, he may obtain this information through means less burdensome to the respondent and modify his request to Bear Stearns accordingly. Further, OHP's relevance objection to producing any documents from Bear Stearns is overruled.

OHP's motion is denied with respect to the subpoena issued [*9] to Nomura, which seeks "documents listing the positions held by John Howe within Nomura Securities International, Inc. during the duration of his employment." (Dkt. # 106, Ex. C). Saye has complied with this court's previous order.

## 2. MOTION TO QUASH THE SUBPOENA ISSUED TO SARAH HOWE (DKT. # 108)

Pursuant to *Rule 45 of the Federal Rules of Civil Procedure*, OHP seeks to quash the subpoena dated September 9, 2004 served upon Sarah Howe, who is married to the majority owner of OHP and is listed a OHP's vice-president. OHP claims that Sarah Howe can provide no relevant information regarding the subject matter of this lawsuit. OHP's motion is denied, because Sarah Howe has a position within OHP and may therefore be able to provide some information bout OHP's value.

## 3. MOTION TO QUASH SUBPOENA ISSUED TO OHP (DKT. # 110)

OHP moves, pursuant to *Rule 45 of the Federal Rules of Civil Procedure*, to quash the subpoena served upon it dated October 7, 2004. OHP claims that the document request affixed to the subpoena is identical to certain requests for production previously served upon it under *Rule 34 of the Federal Rules of Civil Procedure*. [*10] OHP's motion is granted; if Saye is not satisfied with the responses provided, he may seek relief pursuant to the procedures set forth in *Rules 34* and *37* of the Federal Rules of Civil Procedure and this court's orders. OHP's alternate request for a protective order is denied as moot.

## 4. MOTION TO QUASH THE SUBPOENA ISSUED TO BDO SEIDMAN, LLP (DKT. # 114)

Saye served a subpoena upon BDO Seidman, LLP ("BDO Seidman") on July 15, 2004 generally seeking documents related to BDO Seidman's audits of OHP's business activities for the years of 2001 and 2002 and specifically seeking documents pertaining to Saye's alleged mis-marking of bonds. BDO Seidman's counsel negotiated with Saye's counsel regarding compliance with the request, and, on October 13, 2004, BDO Seidman produced documents in response. The documents produced were reviewed and redacted by OHP because OHP asserts that the documents reveal confidential information that could be used by its competitors, including Saye himself, for commercial advantage. Specifically, OHP claims that the audit documents reveal information about OHP's financing and portfolio management methods, which could reveal [*11] trade secrets for which OHP has claimed protection in its counterclaim against Saye. Saye objected to OHP's redactions, and OHP filed this motion to quash the subpoena.

OHP's motion is granted to the extent Saye seeks information beyond that which has been produced. Under the circumstances, OHP's redactions are appropriate. "When a party asserts that discovery will cause competitive injury because of the revelation of trade secrets, it cannot generally rely upon conclusory statements, but must present evidence of specific damage likely to result from disclosure." *Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122, 125 (S.D.N.Y. 1986)*. Here, the production of evidence demonstrating the sensitivity of the information set forth in the redacted documents is inextricably bound to OHP's claim that its portfolio management methods are trade secrets. Further, OHP did not redact information directly relevant to its counterclaim against Saye, and Saye does not argue that he has a particular need for the redacted information. Therefore, it would be unreasonable under these circumstances to require OHP to reveal information that it may later prove

is a trade secret in the absence [*12] of any indication that the information is particularly relevant.

### 5. MOTION TO QUASH SUBPOENA SERVED UPON OHP (DKT. # 119)

OHP moves to quash a subpoena served upon it on October 21, 2004 seeking documents related to OHP's investment in Commercial Money Center and subsequent lawsuits involving this investment. OHP claims that the subpoena does not allow for a reasonable time to comply, that the information sought is not relevant to this lawsuit, and production thereof would therefore be unduly burdensome. Saye claims that the information is relevant to refute allegations OHP has made in its counterclaims that Saye mismanaged OHP's portfolio and thereby caused OHP's damage because the information sought could show that other members of OHP were in fact responsible for any perceived damage and that these people had a motive to unjustly disparage Saye.

OHP's motion is denied. Saye has demonstrated that the information sought could be relevant, and OHP has not asserted, with the required specificity, how production of this material would be unduly burdensome. Further, the court will modify the subpoena to provide OHP with a reasonable time to comply with the subpoena.

### 6. OHP'S MOTION [*13] TO EXTEND DISCOVERY DEADLINE AND DEADLINE FOR DISPOSITIVE MOTIONS (DKT. # 116) AND OHP'S MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS (DKT. # 117)

OHP has requested that the court extend the discovery period, which expired on October 25, 2004, to allow OHP to schedule three depositions. OHP has also requested permission to exceed the ten deposition limit set forth in *Rule 30 of the Federal Rules of Civil Procedure.* Saye objects to both requests.

OHP's motions are granted. Because the reasonable discovery period allotted by the court has expired, the court has the authority to preclude or limit further discovery. Given the fact that several loose ends, created by the court's resolution of the pending motions, remain, the court will allow the discovery requested by OHP. OHP must complete this limited discovery on or before January 14, 2005. The prospective respondents to the subpoenas retain all their rights to petition the court for relief as appropriate, and the court expresses no opinion regarding the subpoena issued to KMZR because OHP has not moved to enforce this subpoena.

### III. CONCLUSION

Pursuant to the foregoing, the court [*14] orders the following:

1. OHP's motion to quash the subpoenas served upon Bear Stearns & Co., Inc. and Nomura Securities International, Inc. (dkt. # 106) is **GRANTED in part and DENIED in part**. Respondent Nomura shall comply with the subpoena on or before **January 7, 2005**. Saye may re-serve a subpoena upon Bear Stearns on or before **December 17, 2004**.

2. OHP's motion to quash the subpoena served upon Sarah Howe (dkt. # 108) is **DENIED**. This deposition must be completed on or before **January 14, 2005**.

3. OHP's motion to quash the subpoena served upon OHP (dkt. # 110) is **GRANTED** and OHP's motion for a protective order (dkt. # 110) is **DENIED**.

4. OHP's motion to quash the subpoena served upon BDO Seidman, LLP (dkt. # 114) is **GRANTED** to the extent Saye seeks information beyond that which has been produced.

5. OHP's motion to extend discovery deadline and deadline for dispositive motions (dkt. # 116) is **GRANTED**. Further discovery is permitted only to the extent that OHP may serve the subpoenas it requested and the parties may perform the actions specifically authorized herein. Discovery must be completed on or before **January 14, 2005.** [*15]

6. OHP's motion for leave to take additional depositions (dkt. # 117) is **GRANTED**.

7. OHP's motion to quash the subpoena served upon OHP regarding Commercial Money Center (dkt. # 119) is **DENIED**. OHP shall comply with the subpoena on or before **January 7, 2005.**

8. The parties shall file any dispositive motions on or before **March 4, 2005**. If a dispositive motion is filed, then the joint trial memorandum shall be filed within thirty days of the court's decision on the dispositive motion. If no dispositive motions are filed, then the parties shall file a joint trial memorandum on or before **March 18, 2005.**

So ordered this 1st day of December, 2004.

/s/DJS

**DOMINIC J. SQUATRITO**

**UNITED STATES DISTRICT JUDGE**